THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAEIL RO,

              Plaintiff,

    v.

EVEREST INDEMNITY INSURANCE
COMPANY, a foreign insurance company;
BROWN & BROWN PROGRAM
INSURANCE SERVICES, INC., a California
corporation d/b/a LANCER CLAIMS
SERVICES,

              Defendants.

No.: 2:16-cv-664-RSL

MOTION TO DISMISS PLAINTIFF'S
CLAIMS AGAINST LANCER CLAIMS
SERVICES

**NOTE ON THE MOTION CALENDAR:**

**July 1, 2016**

**Oral Argument Requested**

## I.  RELIEF REQUESTED

Defendant Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services ("Lancer") respectfully moves the Court to dismiss Plaintiff Daeil Ro's claims against Lancer, in accordance with Rule 12(b)(6),[1] for failing to state claims upon which relief can be granted.

## II.  INTRODUCTION

Because Lancer is not an insurer, let alone Plaintiff's insurer, Lancer is immune from

---

[1] Fed. R. Civ. P. 12(b)(6).

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER
CLAIMS SERVICES
NO.: 2:16-CV-664-RSL

PAGE 1

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

personal liability to Plaintiff for allegedly mishandling his insurance claim and should be dismissed from this lawsuit.  Under Washington law, the authorized agent of a disclosed principal is not liable for the principal's alleged failure to perform contractual obligations. The authorized agent is liable only if it:  (1) knowingly makes misrepresentations; or (2) violates an independent tort duty it owes to a third party.  An authorized agent, however, is not personally liable for the alleged breach of a duty arising solely out of a third party's contractual relationship with the disclosed principal.

Here, Plaintiff concedes Lancer is a third-party adjuster which sent two letters to Plaintiff conveying a coverage determination rendered on behalf of Plaintiff's insurer, Defendant Everest Indemnity Insurance Company ("Everest").  Plaintiff concedes that Lancer disclosed in both letters that it acted on Everest's behalf.  In addition, Plaintiff does not allege that Lancer knowingly made misrepresentations or violated an independent tort duty Lancer owed to Plaintiff.  Plaintiff, instead, alleges only that Lancer violated extra-contractual duties imposed on Washington insurers.  Lancer is not an insurer and does not owe any such duties to Plaintiff.  Plaintiff's claims against Lancer must therefore be dismissed.

## III.  FACTS

This case concerns an insurance coverage dispute between Plaintiff and Everest.[2] Specifically, Plaintiff and Everest dispute whether the applicable Everest policy (the

---

[2] The parties' coverage dispute is already being litigated in another coverage action, previously filed in the U.S. District Court for the District of Minnesota, in the matter entitled *Everest Indem. Ins. Co. v. Ro*, USDC D. Minn. Case No. 0:16-cv-01064-JNE-HB.  This coverage dispute involves Plaintiff's claim that he is an insured under the Policy, which was issued in Minnesota to his Minnesota-based employer.  As the first-filed action, the Minnesota action should resolve the parties' coverage dispute.  *See Tanksley v. Nw. Airline & Airline Pilots Ass'n*, 2008 WL 69 1685 at *1-2 (W.D. Wash. 2008) (Lasnik, J.)  The first-filed status issue is presently being addressed by the federal district court sitting in Minnesota.  While not a party to the Minnesota action, by filing this brief, Lancer does not waive any right to assert that this Court should dismiss this case in favor of the first-filed case in Minnesota.

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER CLAIMS SERVICES NO.: 2:16-CV-664-RSL

PAGE 2

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

"Policy")[3] obligates Everest to defend Plaintiff against, or indemnify Plaintiff for, the claims asserted against him in the matter entitled, *Kawasaki v. Ro, et al.* (the "Underlying Action").[4]

In the Complaint,[5] Plaintiff alleges that Everest breached the Policy by failing to defend him against, or indemnify him for, the claims asserted against him in the Underlying Action.[6]  Plaintiff also asserts extra-contractual claims against Everest (i.e., insurance bad faith, negligent claim handling, and violations of the Washington Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA")) based solely on its determination that the claims asserted against Plaintiff in the Underlying Action were not conceivably covered under the Policy.[7]  On information and belief, Everest denies Plaintiff's claims.

Plaintiff also asserts four claims against Lancer.  Plaintiff asserts his contractual claim against Everest alone but asserts extra-contractual claims against both Everest and Lancer.[8] According to Plaintiff, Lancer either acted as Everest's agent or acted in concert with Everest.[9]  The only factual allegations directed against Lancer in the Complaint concern two letters Lancer sent to Plaintiff in which Lancer conveyed Everest's coverage decision.[10] Plaintiff concedes that both letters were explicitly sent on Everest's behalf.[11]

---

[3] Everest Policy No. FL5EO00016-141.

[4] King County Superior Court Case No. 15-2-10562-1 KNT.

[5] Complaint for Damage and Declaratory Relief (Dkt No. 1).

[6] *Id.* at ¶¶ 23-27.

[7] *See id.* at ¶¶ 28-45.

[8] *Id.* at ¶¶ 23-45.

[9] *Id.* at ¶ 3.

[10] *See id.* at ¶¶ 11 and 16.

[11] *Id.*

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER
CLAIMS SERVICES
NO.: 2:16-CV-664-RSL

PAGE 3

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:     (206) 292-8930

# IV.  ARGUMENT AND AUTHORITY

**A.** **Claims asserted against Lancer that lack a cognizable legal theory must be dismissed.**

"Under Rule 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face."[12]  Although for the purposes of a Rule 12(b)(6) motion a court must assume all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."[13]  And a plaintiff's obligation to state grounds that entitle him to relief "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action . . . ."[14]  Under this standard, dismissal is appropriate "if the complaint lacks a cognizable legal theory under which relief may be granted."[15]  Thus, unless Plaintiff can state a recognized legal basis to assert causes of action against Lancer, the Court should dismiss his claims.

**B.** **Plaintiff fails to state a cognizable legal theory to recover against Lancer.**

In the Complaint, Plaintiff asserts four extra-contractual claims against Lancer based on Washington law:  (1) insurance bad faith, (2) negligent claim handling, (3) violation of the CPA, and (4) violation of IFCA.  But Washington law does not govern this dispute. Everest issued the Policy in Minnesota to a Minnesota insured (i.e., Ameriprise Financial) and therefore Minnesota law governs the parties' respective rights and obligations, including the duties, if any, owed to Plaintiff arising out of the insurer-insured relationship.  But as discussed below, even if Washington law were found to govern, Plaintiff fails to assert recognized causes of action against Lancer.

---

[12] *Leach v. NCO Fin. Sys., Inc.*, 2015 WL 5675794 at * 2 (W.D. Wash. 2015).

[13] *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[15] *See Leach*, 2015 WL 5675794 at * 2; *see also Twombly*, 550 U.S. at 556.

1

### 1.  Lancer, as an authorized agent, is not liable for the acts or omissions of Everest, its disclosed principal.

In Washington, "[i]t is a well-established rule that a ***complaint against a known agent***, acting within the scope of his authority for a disclosed principal, ***fails to state a claim*** upon which relief may be granted against the agent."[16]  The authorized agent of a disclosed principal is not liable for the disclosed principal's alleged nonperformance of contractual obligations owed to a third party.[17]

An authorized agent's extra-contractual liability to a third party is similarly limited. An agent acting within the scope of its authority can be held liable only for breach of a tort duty the agent ***owes personally*** to the plaintiff:  "'[a]n agent is subject to tort liability to a third party harmed by the agent's conduct only when the agent's conduct breaches a duty that the agent owes to the third party.'"[18]  Therefore, an authorized agent is not liable for the alleged breach of an extra-contractual duty that its disclosed principal owes to a third party: "[A]gents are not personally liable for quasi-fiduciary duties that may arise when dealing on behalf of a disclosed principal where the agent does not independently owe a duty to the third party and does not knowingly make misrepresentations."[19]  Thus, absent a knowing misrepresentation, an agent acting within the scope of his employment "is not liable either on the contract or as for a tort."[20]

---

[16] *Davis v. Bafus*, 3 Wn. App. 164, 167, 473 P.2d 192 (1970) (emphasis added).

[17] *See Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*, 71 Wn.2d 679, 686, 430 P.2d 600 (1967) ("when an agent makes a contract on behalf of a disclosed or partially disclosed principal whom he has the power to bind, he does not thereby become liable for his principal's nonperformance"); *see also* RESTATEMENT (SECOND) OF AGENCY §§ 320 and 328 (1958); RESTATEMENT (THIRD) OF AGENCY § 6.01 (2006).

[18] *Annechino v. Worthy*, 175 Wn.2d 630, 638, 290 P.3d 126 (2012) (alteration in original) (quoting RESTATEMENT (THIRD) OF AGENCY § 7.02).

[19] *Id.*

[20] *Id.* (internal quotation marks omitted) (quoting *Lasman v. Calhoun, Denny & Ewing*, 111 Wash. 467, 470-71, 191 P. 409 (1920) (internal quotation omitted)).

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER
CLAIMS SERVICES
NO.: 2:16-CV-664-RSL

PAGE 5

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:     (206) 292-8930

### 2. This agency-law principle precludes liability for third-party claim adjusters.

The vast majority of courts hold that an insured cannot assert extra-contractual claims against a third-party claim adjuster.[21]  "A survey of state-court decisions confirms that the majority of states have held that a claims adjuster owes no independent duty to the insured."[22]  As the Seventh Circuit recently explained, an agent is not liable for actions taken on behalf of the principal and this immunity extends to acts "that are only tortious because of a contractual relationship" between the principal and a third party.[23]

Washington also follows the majority rule.  In *LaFontaine v. Massachusetts Casualty Company*,[24] for example, the insured, LaFontaine, injured his shoulder and submitted an insurance claim to his disability insurer, Massachusetts Casualty.[25]  A third-party claims manger, Disability Management Systems ("DMS"), handled LaFontaine's insurance claim and conveyed all claim communications and decisions to the insured.[26]  LaFontaine

---

[21] *See*, *e.g.*, *Wathor v. Mut. Assur. Admin'rs., Inc.*, 87 P.3d 559, 563 (Okla. 2004) (holding that policyholder could not assert extra-contractual claim against third-party adjuster with compensation package that was not tied to approval of denial of claims); *Wolverton v. Bullock*, 35 F. Supp. 2d 1278, 1281 (D. Kan. 1998) (holding that policyholder could not bring extra-contractual claim against third-party adjuster and identifying this position as the approach taken in other jurisdiction); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698-99 (1994) (holding that policyholder could not assert extra-contractual claims against adjuster); *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1993) (holding that policyholder could not assert extra-contractual claim against adjuster); *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 957-58 (Utah 1989) (holding that policyholder could not assert extra-contractual claim against third parties not in contractual privity with policyholder); *Scribner v. AIU Ins. Co.*, 647 A.2d 48, 50-51(Conn. Super. Ct. 1994) (same); *Larkin v. First or Georgia Underwriters*, 466 So.2d 655, 657 (La. Ct. App. 1985) (same); *Am. Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101, 1105 (Del. Sup. Ct. 1982) (holding that insurer's authorized agent could not be subject to personal liability to policyholder for acts within the scope of the agent's authority for the disclosed principal).

[22] *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 642 n. 11 (7th Cir. 2015).

[23] *Id*. at 642.

[24] 2006 WL 1148372 (W.D. Wash. 2006), *aff'd in part, rev'd in part on other grounds by* 257 Fed. Appx. 23 (9th Cir. 2007).

[25] *Id*. at *1.

[26] *Id*. at *1-2.

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER CLAIMS SERVICES
NO.: 2:16-CV-664-RSL

PAGE 6

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:     (206) 292-8930

1  subsequently sued Massachusetts Casualty and DMS, asserting contractual and extra-

2  contractual claims against both entities.[27]

3        Prior to the exchange of initial disclosures and any discovery, DMS sought dismissal

4  of LaFontaine's claims.[28]  DMS argued that because LaFontaine's claims concerned the

5  actions of DMS as an authorized agent of a disclosed principal (i.e., LaFontaine's insurer,

6  Massachusetts Casualty) DMS could not possibly be liable for LaFontaine's contractual and

7  extra-contractual claims.[29]  LaFontaine conceded that DMS should be dismissed and the

8  court agreed, dismissing LaFontaine's contractual and extra-contractual claims against

9  DMS.[30]

10        Likewise, in *Seaway Properties, LLC v. Fireman's Fund Insurance Company*,[31] a

11  subsidiary of Fireman's Fund Insurance Company ("FFIC'), American Insurance Company

12  ("AIC"), issued an insurance policy to Seaway Properties' tenant.[32]  A claimant sued Seaway

13  and its tenant and Seaway tendered its defense and indemnity under the AIC Policy as an

14  additional insured.[33]  Although AIC issued the policy, FFIC handled Seaway's insurance

15  claim.[34]  A coverage dispute arose between the parties and Seaway sued AIC and FFIC,

16  asserting both contractual and extra-contractual claims.[35]  FFIC moved the court to dismiss

17  _____

[27] *See id*. at *2-3.

18

[28] *Id*. at *3.

19

[29] *Id*.

20

[30] *Id*.; *see also Kim v. O'Sullivan*, 133 Wn. App. 557, 566, 137 P.3d 61 (2006) (refusing to recognize
21  cause of action for insurance bad faith against third party attorney hired by insurer to represent
22  insured).

[31] 16 F. Supp. 3d 1240 (W.D. Wash. 2014).
23

[32] *Id*. at 1244.
24

[33] *Id*.
25

[34] *See id*. at 1256.
26

[35] *Id*. at 1246.

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER    PAGE 7    **Bullivant|Houser|Bailey PC**
CLAIMS SERVICES            1700 Seventh Avenue, Suite 1810,
NO.: 2:16-CV-664-RSL            Seattle, Washington  98101
                                          Telephone:    (206) 292-8930

Seaway's claims against FFIC on grounds that only AIC could be potentially liable to Seaway.[36]  Seaway argued, however, that the court should declare that FFIC was either AIC's alter ego or its agent.[37]

The court agreed with FFIC, holding that Seaway's claims against FFIC failed as a matter of law.[38]  The court rejected Seaway's "alter ego" theory.[39]  According to the court, although an agent can become an alter ego in the sense that its acts bind the principal, the court could not, "as a matter of law," subject FFIC to liability as Seaway's insurer.[40]

And although there was substantial evidence that FFIC acted as Seaway's agent, such evidence was inconsequential:

> That Fireman's Fund may have been AIC's agent, however, means little without authority which makes an agent *liable to third parties* for acts within the scope of the agency.  Seaway cited no such authority . . . .[41]

The court concluded that Seaway waived its right to argue that FFIC was personally liable to Seaway for acts it undertook as AIC's agent and concluded that, as a third-party to the insurance contract, FFIC could not be liable to Seaway:

> The court thus concludes that even though Fireman's Fund was the face of Seaway's insurer for many of the events giving rise to this lawsuit, Fireman's Fund *is not liable* to Seaway *as a matter of law*.[42]

Thus, under *LaFontaine* and *Seaway*, an insured's purported extra-contractual claims against

---

[36] *Id*. at 1255.

[37] *Id*.

[38] *Id*. at 1256.

[39] *Id*.

[40] *Id*.

[41] *Id*. (emphasis in original).

[42] *Id*. (emphasis added).

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

a third-party claims adjuster fail as a matter of law.

**3.    Plaintiff asserts claims against Lancer based solely in its role as Everest's third-party claim adjuster.**

In the Complaint, Plaintiff concedes that Lancer disclosed Everest's identity as a third party claims adjuster.  Plaintiff alleges that Lancer sent two letters to Plaintiff conveying the coverage decision on behalf of Everest.  Because Lancer acted as the authorized agent of a disclosed principal, Lancer is not liable for acts or omissions that fell within the scope of its agency.

There are no alleged facts that warrant an exception to this general rule.  Rather, Plaintiff asserts claims against Lancer based solely on Lancer's alleged breach of extra-contractual duties imposed on Washington insurers.

But Lancer is not an "insurer."[43]  Lancer did not issue the Policy and is not a party to the insurance contract.  As an authorized agent of a disclosed principal, Lancer cannot be held personally liable for allegedly breaching any duty that Everest may owe.[44]  Moreover, under *LaFontaine* and *Seaway*, third-party claim adjusters are not subject to extra-contractual liability for acts within the scope of the agency agreement.  For these reasons, Plaintiff's claims against Lancer fail as a matter of law.

## V.  CONCLUSION

Plaintiff assert extra-contractual claims against Lancer, alleging that it breached common law and statutory duties imposed on Washington insurers.  But Lancer is not an insurer and is not subject to the quasi-fiduciary duties imposed on insurers under Washington law.  Plaintiff thus fails to state claims against Lancer upon which relief can be granted and, accordingly, the Court should dismiss these claims pursuant to Rule 12(b)(6).

---

[43] *See* RCW 48.01.050 (defining an "insurer" as a person "engaged in the business of making contract of insurance").

[44] *See Annechino*, 175 Wn.2d at 638 (holding that an authorized agent is not liable for breach of quasi-fiduciary duties owed by a disclosed principal).

MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST LANCER CLAIMS SERVICES NO.: 2:16-CV-664-RSL       PAGE 9       **Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810, Seattle, Washington  98101 Telephone:     (206) 292-8930

1    DATED:  June 6, 2016

2                                        BULLIVANT HOUSER BAILEY PC

3

4                                        By  s/ Daniel R. Bentson
                                             Daniel R. Bentson, WSBA #36825
5                                            E-mail:   dan.bentson@bullivant.com

6                                        Attorneys for Defendants Everest Indemnity
                                         Insurance Company and Brown & Brown
7                                        Program Insurance Services, Inc., d/b/a Lancer
                                         Claims Services

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2        I, Krys Lopez, hereby certify that on June 6, 2016, I electronically filed the foregoing,

3   along with any attachments or exhibits, with the Clerk of the Court using the CM/ECF

4   system, which will send notification of such filing to the CM/ECF participants.

5        I certify under penalty of perjury, under the laws of the State of Washington, that the

6   foregoing is true and correct.

7                                          s/ Krys Lopez
                                           Krys Lopez
8

9   4827-1297-9762.2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26