THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

9

10

DAEIL RO,

               Plaintiff,

vs.

EVEREST INDEMNITY INSURANCE
COMPANY, a foreign insurance company;
BROWN & BROWN PROGRAM
INSURANCE SERVICES, INC., a
California corporation d/b/a LANCER
CLAIMS SERVICES

               Defendants.

No. 2:16-cv-00664 RSL

PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED
COMPLAINT

**NOTE ON MOTION CALENDAR:**
**JULY 15, 2016**

11

12

13

14

15

16

17

## I.   <u>INTRODUCTION & RELIEF REQUESTED</u>

18

     Plaintiff Daeil Ro respectfully moves this Court for leave to file and serve his First

19

Amended Complaint for Damages and Declaratory Relief.  Ro's proposed First Amended

20

Complaint is attached to this motion as **APPENDIX A**.  A "redlined" version—identifying

21

the changes from the initial complaint—is attached as **APPENDIX B**.

22

23

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

Granting this motion will best serve the efficient adjudication of this dispute on its merits and will cause no harm or prejudice to any of the Defendants.  As explained in his Opposition to Motion to Dismiss Plaintiff's Claims Against Lancer Claims Services ("Opposition"), filed concurrently herewith, only two changes are made in Ro's proposed amended complaint: (1) clarifying that Ro's IFCA claim, as stated in Count II of the Complaint, is made only against Everest[1]; and (2) clarifying the scope of other claims asserted. *Opposition* at 5.  Because leave to amend should be freely granted, and because no party will be prejudiced by amendment, the Court should allow Plaintiff to file and serve its First Amended Complaint.

## II.  FACTS

Ro adopts and incorporates the facts articulated in its Opposition to Lancer's Motion to Dismiss.  *Opposition* at 2-5.  Furthermore, Ro notes that his original complaint was filed on May 9, 2016, less than two months ago.  *See Dkt. 1.*

## III.  STATEMENT OF ISSUES

Under the liberal amendment standard of Rule 15, should the Court allow Ro to amend his complaint when leave to amend is to be freely given, the deadline to amend is over three months away, and no party will be prejudiced by the amendments?

## IV.  EVIDENCE RELIED UPON

This motion is based upon the pleadings and papers in the record.

---

[1] Ro intended to assert its IFCA claim only against Everest and, thus, Ro is now withdrawing that claim against Lancer.

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 2

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# V.   **ARGUMENT**

Leave to amend should be freely granted, unless the opposing party will be unduly prejudiced.  Fed. R. Civ. P. 15(a)(2); Lazuran v. Kemp, 142 F.R.D. 466, 468 (W.D. Wash. 1991).  Amendment should be allowed with "extreme liberality."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Consistent with this principle, the non-moving party bears the burden of persuading the court that leave should not be granted.  Breakdown Servs., Ltd. v. Now Casting, Inc., 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007).

A court's decision whether to grant a motion to amend is reviewed for abuse of discretion.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  Webb, 655 F.2d at 979.

The Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  The factors are not considered equally and "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  Webb, 655 F.2d at 980.

Under the Rule's liberal amendment policy, there is a presumption in favor of granting leave to amend.  *See* Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original).  Here, no factor exists to overcome the presumption in favor of amendment.

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT - 3

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

### 1.      No Undue Delay

Generally, there is no undue delay where the motion to amend is filed at an early stage in discovery, no discovery or summary judgment motions have been filed, and no major litigation deadlines have passed or are imminent. *See* <u>Fosmire v. Progressive Max Ins. Co.</u>, C10-5291JLR, 2011 WL 4459780, at *4 (W.D. Wash. Sept. 26, 2011) (no undue delay when "delay did not include the passing of any major litigation dates, such as the closing of merits discovery or the dispositive motions deadline"); <u>Wixon v. Wyndham Resort Dev. Corp.</u>, C07-02361 JSW, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007) (finding that the plaintiffs did not unduly delay in filing their motion because the suit was in an early stages of litigation).

In addition, when an amendment aids the parties by clarifying the claims in the pleading, it contravenes the argument of undue delay.  <u>Cuevas v. City of San Luis, Ariz.</u>, CV04-0476-PHX-PGR, 2008 WL 4820113, at *3 (D. Ariz. Nov. 3, 2008).

Here, there has been not been any undue delay.  Ro's original complaint was filed less than two months ago. *Dkt. 1.*  This case is clearly only in the initial stages of litigation—the parties recently exchanged initial disclosures on June 24, no discovery has been conducted, and no discovery or motions deadlines have passed.

### 2.      No Party will be Prejudiced by the Proposed Amendments

"The party opposing amendment bears the burden of showing prejudice."  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987).  "Moreover, 'the non-moving party must do more than merely claim prejudice; it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT - 4

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   offered had the amendments been timely.'"   Miller v. Beneficial Mgmt. Corp., 844 F. Supp.

2   990, 999 (D.N.J. 1993).

3        This suit was filed on May 9, 2016.  *Dkt. 1*.  The Combined Joint Status Report and

4   Discovery Plan is not due until July 1, 2016.  Ro is not asserting any new claims.  No party

5   will be prejudiced by Ro's proposed amended complaint.

6        **3.**    **Amendment is not Futile**

7        Defendants have the burden to prove futility of amendment.  *See* Amaya v. Roadhouse

8   Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("The opposing party . . . bears

9   the burden of establishing that an amendment would be futile.").  This burden is a high one

10  because an amendment is futile only if it would not survive a motion to dismiss, which requires

11  that all allegations sought to be amended are taken as true.  Acme Printing Ink Co. v. Menard,

12  Inc., 881 F. Supp. 1237, 1243 (E.D. Wis. 1995) ("The burden on the objecting parties to show

13  futility of amendment is thus substantial, especially in light of the fact that all material

14  allegations sought to be amended are taken as true.").  Here, Ro is amending his complaint to

15  withdraw a claim against Lancer, and to clarify remaining claims against Lancer.   No

16  additional claims are asserted.  Amendment is not futile.

17       **4.**    **Bad Faith and Previous Amendment**

18       There is no evidence that Ro is seeking his amendment in bad faith.  Moreover, this

19  will be the first amendment of Ro's pleadings.

20       ///        ///        ///

21       ///        ///        ///

22       ///        ///        ///

23

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 5

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

## VI.    <u>CONCLUSION</u>

2  For the foregoing reasons, Daeil Ro respectfully requests that the Court grant it leave

3 to file its First Amended Complaint.

4  DATED this 27th day of June 2016.

5  HARPER | HAYES PLLC

6

7  By: s/ *Gregory L. Harper*
   Gregory L. Harper, WSBA No. 27311
   s/ *Charles K. Davis*
8  Charles K. Davis, WSBA No. 38231
   s/ *Thomas M. Williams*
9  Thomas M. Williams, WSBA No. 47654
   600 University Street, Suite 2420
10 Seattle, WA 98101
   **Tel**.    206.340.8010
11 **Fax**.    206.260.2852
   **Email**: greg@harperhayes.com
12         cdavis@harperhayes.com
           twilliams@harperhayes.com
13 Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 6

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

## CERTIFICATE OF SERVICE

2

     Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Monday, June 27, 2016*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

3

4

5

| **NAME:** | Daniel R. Bentson |
|---|---|
| **EMAIL ADDRESS:** | Dan.bentson@bullivant.com |
| **REPRESENTING:** | Attorneys for Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services |

6

7

8

     I further certify that, pursuant to Section III(M) of the *U.S. District Court Amended Electronic Filing Procedures*, I electronically delivered a proposed Order in Word format to the following judge's email:

9

10

**EMAIL ADDRESS**
LasnikOrders@wawd.uscourts.gov

11

     I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

12

13

     DATED *June 27, 2016* in Seattle, Washington.

14



15

Victoria Heindel

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED
COMPLAINT - 7

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# Appendix A

THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

DAEIL RO,

        Plaintiff,

vs.

EVEREST INDEMNITY INSURANCE
COMPANY, a foreign insurance company;
BROWN & BROWN PROGRAM
INSURANCE SERVICES, INC., a
California corporation d/b/a LANCER
CLAIMS SERVICES

        Defendants.

No. 2:16-cv-664

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

**JURY DEMANDED**

Plaintiff Daeil Ro alleges as follows:

## I.   <u>PARTIES</u>

1.    Plaintiff Daeil Ro is an individual who resides in Washington.

2.    On information and belief, Defendant Everest Indemnity Insurance Company ("Everest") is a corporation formed under the laws of Delaware and having its principal place of business in New Jersey.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 1

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

3.      On information and belief, Defendant Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services ("Lancer"), is a corporation formed under the laws of California and having its principal place of business in California.  As to the allegations stated in this Complaint, Lancer acted either as Everest's agent (for whose actions Everest is liable), acted in concert with Everest (in which case joint and several liability shall be imposed), or acted outside the scope of its authority as to the actions at issue in this lawsuit.

## II.   JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant Everest in part because Everest transacts business within Washington and contracts to insure persons and risks located in Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

5.      This Court has personal jurisdiction over Defendant Lancer in part because it transacts business within Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

6.      Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Defendants are citizens of states other than the state where Plaintiff is a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## III.   FACTS

8.      Everest issued Securities Broker/Dealer and Registered Professional Liability Insurance Policies to certain Ameriprise entities, with Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc., and Ameriprise Advisor Services, Inc.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 2

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

identified as named insureds.  Such policies include policy number FL5EO00016-141, with a January 1, 2014 to January 1, 2015 policy period (the "Policy").

9.     As a Registered Representative for Ameriprise Financial Services, Inc., Plaintiff is an insured under the Policy.

10.     In early 2014, an individual named Fumitaka Kawasaki ("Kawasaki") contacted Plaintiff to request the return of funds invested in businesses located in South Korea.

11.     Plaintiff timely notified Everest of Kawasaki's claim.  On May 2, 2014, Lancer, purportedly on behalf of Everest, responded to Plaintiff's notice.  Everest and Lancer disclaimed any duty to defend or indemnity Plaintiff.

12.     Defendants' May 2, 2014 denial relied in part on the Policy's "retroactive date" exclusion:  "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc. is March 21, 2012.  However, it appears the alleged error occurred on February 6, 2002, when the client worked through you to purchase the Korean real estate property."

13.     Defendants' May 2, 2014 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

14.     On April 30, 2015, Kawasaki filed a lawsuit against Plaintiff and Plaintiff's father, Myung Ro, in the Superior Court of Washington for King County under case number 15-2-10562-1 KNT (the "Underlying Action").

15.     The Complaint in the Underlying Action included the allegations Kawasaki made in 2014.  But the Complaint also contained additional allegations, such as alleged wrongdoing by Plaintiff occurring in 2013 and allegations involving investments other than the South Korean businesses.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

16.     Plaintiff tendered the Underlying Action to Everest.  By letter dated June 5, 2015, Lancer responded purportedly on behalf of Everest.  Everest and Lancer denied any duty to defend or indemnify Plaintiff in relation to the Underlying Action.

17.     Defendants' June 5, 2015 denial again relied on the Policy's "retroactive date" exclusion:  "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc., is March 21, 2012.  However, it appears the alleged error occurred in February 2002, when the client worked through you to purchase the Korean real estate property."

18.     Defendants' June 5, 2015 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

19.     In March 2016, after mediation and several months of negotiations, the parties to the Underlying Action entered into a settlement agreement, fully resolving all claims asserted in the Underlying Action.

## IV.   CAUSES OF ACTION

### COUNT I
### Declaratory Relief

20.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

21.     An actual controversy exists between Plaintiff and Defendants as to the rights and obligations of the parties under the Policy.  Plaintiff is entitled to declarations of the rights and obligations of the parties under the Policy pursuant to applicable statute, rule, and common law.

22.     The declaratory relief sought includes, but is not limited to, declarations that: (a) Everest has a duty to defend Plaintiff in the Underlying Action; (b) Everest has a duty to indemnify Plaintiff in the Underlying Action; (c) Everest breached its duties to defend and indemnify Plaintiff against the Underlying Action; (d) Defendants' failure to timely accept the

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 4

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

defense of Plaintiff was unreasonable, frivolous, or unfounded; (e) Defendants' failure to timely accept the defense of Plaintiff breached Defendants' duty of reasonable care; (f) by virtue of Defendants' acts, omissions, and breaches, Plaintiff is excused from all conditions allegedly imposed by the Policy; and (g) by virtue of Defendants' acts, omissions, and breaches, Everest is estopped from denying coverage for the settlement entered into by Plaintiff in the Underlying Action.

## COUNT II
### Breach of Contract
### (As to only Everest)

23.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

24.     Plaintiff is an insured under the Policy, and therefore a contractual relationship exists between Plaintiff and Everest.

25.     Under the provisions of the Policy, Everest was obligated to defend and indemnify Plaintiff in the Underlying Action.

26.     Everest materially breached its contractual obligations to defend, indemnify, and settle under the Policy.

27.     Everest's breaches caused harm to Plaintiff.

## COUNT IIIViolation of RCW 48.30.015 – Washington's Insurance Fair Conduct Act
### (As to only Everest)

28.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

29.     Plaintiff is a first party claimant to the Policy within the meaning of RCW 48.30.015(4).

30.     Defendant Everest unreasonably denied a claim for coverage or payment of benefits by refusing to defend or indemnify Plaintiff in the Underlying Action.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 5

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

31.     Defendant Everest violated WAC 284-30-330, and thus violated RCW 48.30.015(5), by, among other things: (a) misrepresenting pertinent facts or insurance policy provisions; (b) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and (c) refusing to pay claims without conducting a reasonable investigation.

32.     Defendant Everest's violation of RCW 48.30.015 caused harm to Plaintiff in an amount to be proven at trial.

33.     On March 25, 2016, Plaintiff provided Defendant Everest and the Office of the Insurance Commissioner with written notice of his intent to bring a cause of action under RCW 48.30.015.

34.     More than 20 days have passed since Plaintiff provided his RCW 48.30.015 notice to Defendant Everest, and Defendant Everest has failed to resolve the basis for the action.

**COUNT IV**
**Consumer Protection Act**

35.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

36.     The business of insurance is one affected by the public interest under RCW 48.01.030.

37.     Defendants' violations of WAC 284-30-330 constitute unfair or deceptive acts or practices occurring in trade or commerce in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

38.     Defendants' violation of the Washington's Consumer Protection Act caused injury to Plaintiff's business or property in an amount to be proven at trial.

AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

Case No. 2:16-cv-664

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## COUNT V
## Bad Faith

39.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

40.     Pursuant to Tank v. State Farm Fire & Cas. Co., 715 P.2d 1133 (Wash. 1986), RCW 48.01.030, and other applicable Washington law, Defendants owed a duty to act in good faith towards Plaintiff.

41.     Defendants breached that duty of good faith, causing harm to Plaintiff in an amount to be proven at trial.

## COUNT VI
## Negligence

42.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

43.     Defendants had a duty to use reasonable care in investigating Plaintiff's claim for coverage under the Policy.  For example, and without limitation, Defendant Everest had a duty to institute standards for prompt and thorough investigations, conduct a thorough investigation, and make a coverage decision in compliance with all applicable law and insurance regulations.  Defendant Lancer had independent duties to Plaintiff to abide by Everest's or its own investigative standards, if any; to conduct an investigation in compliance with those standards and applicable law; and to exercise reasonable care in all its actions towards Plaintiff.

44.     Defendants failed to use reasonable care in investigating Plaintiff's claim for coverage under the Policy and negligently denied Plaintiff's claim by refusing to defend or indemnify Plaintiff in the Underlying Action.

45.     Defendants' negligence caused harm to Plaintiff in an amount to be proven at trial.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 7

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## V.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for relief as follows:

1.      For declaratory relief consistent with the pleadings herein;

2.      For an award of all money damages legally available as a result of the Defendants' acts, omissions, or breaches;

3.      For an award of treble damages as authorized by RCW 19.86.090 and RCW 48.30.015(2);

4.      For an award of reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, as authorized by RCW 48.30.015(3), RCW 19.86.090, and pursuant to <u>Olympic Steamship Co., Inc. v. Centennial Ins. Co.</u>, 811 P.2d 673 (Wash. 1991), and other applicable law;

5.      For an award of pre- and post-judgment interest, as applicable; and

6.      For such other further relief as the Court deems just and equitable.


///     ///     ///

///     ///     ///

///     ///     ///

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 8

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## VI.   <u>JURY DEMAND</u>

Plaintiff demands a trial by jury in accordance with Fed. R. Civ. P. 38.

DATED this 27th day of June 2016.

HARPER | HAYES PLLC


By: s/ *Gregory L. Harper*

Gregory L. Harper, WSBA No. 27311
s/ *Charles K. Davis*
Charles K. Davis, WSBA No. 38231
s/ *Thomas M. Williams*
Thomas M. Williams, WSBA No. 47654
600 University Street, Suite 2420
Seattle, WA 98101
**Tel**.   206.340.8010
**Fax**.   206.260.2852
**Email**: greg@harperhayes.com
          cdavis@harperhayes.com
          twilliams@harperhayes.com
Attorneys for Plaintiff

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 9

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# Appendix B

1

THE HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

10

DAEIL RO,

11

          Plaintiff,

12

vs.

13

EVEREST INDEMNITY INSURANCE
COMPANY, a foreign insurance company;

14

BROWN & BROWN PROGRAM
INSURANCE SERVICES, INC., a

15

California corporation d/b/a LANCER
CLAIMS SERVICES

16

17

          Defendants.

No. 2:16-cv-664

AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY
RELIEF

**JURY DEMANDED**

18

Plaintiff Daeil Ro alleges as follows:

19

## I.   PARTIES

20

1.      Plaintiff Daeil Ro is an individual who resides in Washington.

21

2.      On information and belief, Defendant Everest Indemnity Insurance Company

("Everest") is a corporation formed under the laws of Delaware and having its principal place

22

of business in New Jersey.

23

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 1

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

3.      On information and belief, Defendant Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services ("Lancer"), is a corporation formed under the laws of California and having its principal place of business in California.  As to the allegations stated in this Complaint, Lancer acted either as Everest's agent (for whose actions Everest is liable), ~~or~~ acted in concert with Everest (in which case joint and several liability shall be imposed), or acted outside the scope of its authority as to the actions at issue in this lawsuit~~.~~

## II.   JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant Everest in part because Everest transacts business within Washington and contracts to insure persons and risks located in Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

5.      This Court has personal jurisdiction over Defendant Lancer in part because it transacts business within Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

6.      Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Defendants are citizens of states other than the state where Plaintiff is a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## III.   FACTS

8.      Everest issued Securities Broker/Dealer and Registered Professional Liability Insurance Policies to certain Ameriprise entities, with Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc., and Ameriprise Advisor Services, Inc.

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

identified as named insureds.  Such policies include policy number FL5EO00016-141, with a January 1, 2014 to January 1, 2015 policy period (the "Policy").

9.      As a Registered Representative for Ameriprise Financial Services, Inc., Plaintiff is an insured under the Policy.

10.     In early 2014, an individual named Fumitaka Kawasaki ("Kawasaki") contacted Plaintiff to request the return of funds invested in businesses located in South Korea.

11.     Plaintiff timely notified Everest of Kawasaki's claim.  On May 2, 2014, Lancer, purportedly on behalf of Everest, responded to Plaintiff's notice.  Everest and Lancer disclaimed any duty to defend or indemnity Plaintiff.

12.     Everest's Defendants' May 2, 2014 denial relied in part on the Policy's "retroactive date" exclusion:  "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc. is March 21, 2012.  However, it appears the alleged error occurred on February 6, 2002, when the client worked through you to purchase the Korean real estate property."

13.     Everest's Defendants' May 2, 2014 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

14.     On April 30, 2015, Kawasaki filed a lawsuit against Plaintiff and Plaintiff's father, Myung Ro, in the Superior Court of Washington for King County under case number 15-2-10562-1 KNT (the "Underlying Action").

15.     The Complaint in the Underlying Action included the allegations Kawasaki made in 2014.  But the Complaint also contained additional allegations, such as alleged wrongdoing by Plaintiff occurring in 2013 and allegations involving investments other than the South Korean businesses.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

Case No. 2:16-cv-664

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

16.     Plaintiff tendered the Underlying Action to Everest.  By letter dated June 5, 2015, Lancer responded purportedly on behalf of Everest.  Everest and Lancer denied any duty to defend or indemnify Plaintiff in relation to the Underlying Action.

17.     Defendants' June 5, 2015 denial again relied on the Policy's "retroactive date" exclusion:  "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc., is March 21, 2012.  However, it appears the alleged error occurred in February 2002, when the client worked through you to purchase the Korean real estate property."

18.     Everest's Defendants' June 5, 2015 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

19.     In March 2016, after mediation and several months of negotiations, the parties to the Underlying Action entered into a settlement agreement, fully resolving all claims asserted in the Underlying Action.

## IV.  CAUSES OF ACTION

### COUNT I
### Declaratory Relief

20.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

21.     An actual controversy exists between Plaintiff and Defendants as to the rights and obligations of the parties under the Policy.  Plaintiff is entitled to declarations of the rights and obligations of the parties under the Policy pursuant to applicable statute, rule, and common law.

22.     The declaratory relief sought includes, but is not limited to, declarations that: (a) Everest has a duty to defend Plaintiff in the Underlying Action; (b) Everest has a duty to indemnify Plaintiff in the Underlying Action; (c) Everest breached its duties to defend and indemnify Plaintiff against the Underlying Action; (d) Defendants' failure to timely accept the

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

defense of Plaintiff was unreasonable, frivolous, or unfounded; (e) Defendants' failure to timely accept the defense of Plaintiff breached Defendants' duty of reasonable care; (f) by virtue of Defendants' acts, omissions, and breaches, Plaintiff is excused from all conditions allegedly imposed by the Policy; and (gf) by virtue of Defendants' acts, omissions, and breaches, Everest is estopped from denying coverage for the settlement entered into by Plaintiff in the Underlying Action.

**COUNT II**
**Breach of Contract**
**(As to only Everest)**

23.    Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

24.    Plaintiff is an insured under the Policy, and therefore a contractual relationship exists between Plaintiff and Everest.

25.    Under the provisions of the Policy, Everest was obligated to defend and indemnify Plaintiff in the Underlying Action.

26.    Everest materially breached its contractual obligations to defend, indemnify, and settle under the Policy.

27.    Everest's breaches caused harm to Plaintiff.

**COUNT III**
**Violation of RCW 48.30.015 – Washington's Insurance Fair Conduct Act**
**(As to only Everest)**

28.    Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

29.    Plaintiff is a first party claimant to the Policy within the meaning of RCW 48.30.015(4).

30.    Defendant Everests unreasonably denied a claim for coverage or payment of benefits by refusing to defend or indemnify Plaintiff in the Underlying Action.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 5

Case No. 2:16-cv-664

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

31.     Defendant Everests violated WAC 284-30-330, and thus violated RCW 48.30.015(5), by, among other things: (a) misrepresenting pertinent facts or insurance policy provisions; (b) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and (c) refusing to pay claims without conducting a reasonable investigation.

32.     Defendant Everest'ss' violation of RCW 48.30.015 caused harm to Plaintiff in an amount to be proven at trial.

33.     On March 25, 2016, Plaintiff provided Defendant Everests and the Office of the Insurance Commissioner with written notice of his intent to bring a cause of action under RCW 48.30.015.

34.     More than 20 days have passed since Plaintiff provided his RCW 48.30.015 notice to Defendants Everest, and Defendant Everests hasve failed to resolve the basis for the action.

**COUNT IV**
**Consumer Protection Act**

35.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

36.     The business of insurance is one affected by the public interest under RCW 48.01.030.

37.     Defendants' violations of WAC 284-30-330 constitute unfair or deceptive acts or practices occurring in trade or commerce in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

38.     Defendants' violation of the Washington's Consumer Protection Act caused injury to Plaintiff's business or property in an amount to be proven at trial.

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

**COUNT V**
**~~Insurer~~ Bad Faith**

39.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

40.     Pursuant to <u>Tank v. State Farm Fire & Cas. Co.</u>, 715 P.2d 1133 (Wash. 1986), RCW 48.01.030, and other applicable Washington law, Defendants ~~Everest~~ owed a duty to act in good faith towards Plaintiff.

41.     Defendant~~s~~ ~~Everest~~s breached that duty of good faith, causing harm to Plaintiff in an amount to be proven at trial.

**COUNT VI**
**~~Insurer~~ Negligence**

42.     Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

43.     Defendants had a duty to use reasonable~~ordinary~~ care in investigating Plaintiff's claim for coverage under the Policy.  For example, and without limitation, Defendant Everest had a duty to institute standards for prompt and thorough investigations, conduct a thorough investigation, and make a coverage decision in compliance with all applicable law and insurance regulations.  Defendant Lancer had independent duties to Plaintiff to abide by Everest's or its own investigative standards, if any; to conduct an investigation in compliance with those standards and applicable law; and to exercise reasonable care in all its actions towards Plaintiff.

44.     Defendants failed to use reasonable~~ordinary~~ care in investigating Plaintiff's claim for coverage under the Policy and negligently denied Plaintiff's claim by refusing to defend or indemnify Plaintiff in the Underlying Action.

45.     Defendants' negligence caused harm to Plaintiff in an amount to be proven at trial.

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.      For declaratory relief consistent with the pleadings herein;

2.      For an award of all money damages legally available as a result of the Defendants' acts, omissions, or breaches;

3.      For an award of treble damages as authorized by RCW 19.86.090 and RCW 48.30.015(2);

4.      For an award of reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, as authorized by RCW 48.30.015(3), RCW 19.86.090, and pursuant to Olympic Steamship Co., Inc. v. Centennial Ins. Co., 811 P.2d 673 (Wash. 1991), and other applicable law;

5.      For an award of pre- and post-judgment interest, as applicable; and

6.      For such other further relief as the Court deems just and equitable.

///      ///      ///

///      ///      ///

///      ///      ///

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 8

Case No. 2:16-cv-664

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## VI.   <u>JURY DEMAND</u>

Plaintiff demands a trial by jury in accordance with Fed. R. Civ. P. 38.

DATED this ~~9th~~ 27th day of June 2016.

HARPER | HAYES PLLC


By: <u>s/ *Gregory L. Harper*          </u>
  Gregory L. Harper, WSBA No. 27311
  <u>s/ *Charles K. Davis*          </u>
  Charles K. Davis, WSBA No. 38231
  <u>s/ *Thomas M. Williams*          </u>
  Thomas M. Williams, WSBA No. 47654
  600 University Street, Suite 2420
  Seattle, WA 98101
  **Tel**.    206.340.8010
  **Fax**.    206.260.2852
  **Email**: greg@harperhayes.com
       cdavis@harperhayes.com
       twilliams@harperhayes.com
  Attorneys for Plaintiff

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 9

**Case No. 2:16-cv-664**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852