THE HONORABLE ROBERT S. LASNIK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| DAEIL RO,<br><br>    Plaintiff,<br><br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a foreign insurance company; BROWN & BROWN PROGRAM INSURANCE SERVICES, INC., a California corporation d/b/a LANCER CLAIMS SERVICES<br><br>    Defendants. | No. 2:16-cv-00664 RSL<br><br>PLAINTIFF'S MOTION TO CONSOLIDATE<br><br>**NOTE ON MOTION CALENDAR:<br>AUGUST 19, 2016** |

## I.     INTRODUCTION & RELIEF REQUESTED

Plaintiff Daeil Ro requests that the Court consolidate and merge a related action now pending in this District with this lawsuit.  In this action, Ro is suing Everest Indemnity Insurance Company for declaratory judgment, breach of contract, and statutory and bad faith claims for denying a defense and indemnity in an underlying state court action.  Ro is also

PLAINTIFF'S MOTION TO CONSOLIDATE - 1

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  suing Everest's Third Party Claims Administrator, Lancer Claims Services, for negligence,
2  bad faith, and Consumer Protection Act violations.

3  In the related action, Everest sued Ro seeking a declaration that no coverage is
4  available under its insurance policy for the claims asserted in the underlying action. Because
5  the two actions involve the same parties (with the addition of Lancer in this action) and
6  substantial overlapping factual and legal issues, the Court should consolidate the two actions
7  under Fed. R. Civ. P. 42(a), and merge the related action into this one.

## II.   FACTS

9  This is an insurance bad faith and coverage dispute arising out of a King County
10 Superior Court lawsuit filed by Fumitaka Kawasaki ("Kawasaki") against Daeil Ro, case
11 number 15-2-10562-1 KNT (the "Underlying Action"). *See Dkt. 1*. Everest issued a series of
12 Securities Broker/Dealer and Registered Professional Liability Insurance Policies ("the
13 Policies") to certain Ameriprise entities, including Ro's then-employer, Ameriprise Financial
14 Services, Inc. *See Dkt. 1*, ¶ 8. The Policies also insures Ameriprise's employees. *See Dkt. 1*, ¶9.

16 Daeil Ro tendered the Underlying Action to Everest. *Dkt. 11*, ¶ 5. Everest and/or
17 Lancer denied any duty to defend or indemnify Ro. *Dkt. 11*, ¶ 6. Ro sent Everest the
18 statutorily-required notice that he intended to assert a cause of action under Washington's
19 Insurance Fair Conduct Act, RCW 48.30.015 ("IFCA"). *Dkt. 12*, ¶ 3. Everest then sued Ro
   for declaratory relief in the District of Minnesota ("the Related Action"). *See Dkt. 6*, ¶¶ 6-7.

20 Ro filed this lawsuit against Everest and Lancer fifteen days later, *see Dkt. 1*, and
21 moved to dismiss or transfer the Related Action. *See Dkt. 23* at 5-20 (Order Granting Motion
22 to Dismiss or Transfer). That court granted Ro's motion on July 26, 2016, transferring the
23 Related Action to the Western District of Washington. *Id.* Upon transfer, the Related Action

PLAINTIFF'S MOTION TO CONSOLIDATE - 2

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  was given Cause Number 2:16-cv-01170 and assigned to Judge Lasnik. *Declaration of*

2  *Charles K. Davis in Support of Motion to Consolidate, Ex. A*.

### III.  ISSUE

Should the Court consolidate the two actions and merge the Related Action into this one?

### IV.  EVIDENCE RELIED UPON

This motion relies upon the pleadings and papers filed herein, together with the Declaration of Charles K. Davis and exhibit thereto.

### V.  AUTHORITY

**A.  CONSOLIDATION**

"[C]onsolidation is within the broad discretion of the district court," In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987), and is governed by the Federal Rules of Civil Procedure:

> If actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions . . . .

Fed. R. Civ. P. 42(a). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, judicial convenience favors consolidation of the two actions. The two actions are largely opposites of one another—they both involve the same insurance policy and the same denial of coverage arising out of the same Underlying Action. *See* Kemper Sports Mgmt., Inc. v. Westport Investments, LLC, No. C07-5468BHS, 2007 WL 4219355, at *2

PLAINTIFF'S MOTION TO CONSOLIDATE - 3

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  (W.D. Wash. Nov. 28, 2007) ("When viewed as a whole, the two cases are largely opposites
2  of one another.  The Court finds that litigating these cases as a consolidated action will avoid
3  unnecessary litigation costs and preserve judicial economy, allow for the efficient resolution
4  of the controversy among the parties, and ensure that inconsistent verdicts do not arise in the
5  two cases.").

6  That this action involves an additional defendant does not prevent consolidation.  *See*
7  Travelers Indem. Co. v. Longview Fibre Paper & Packaging, Inc., No. C07-1009BHS, 2007
8  WL 2916541, at *2–3 (W.D. Wash. Oct. 5, 2007) (consolidating cases despite additional
9  parties).  Also consolidation will not cause any delay, confusion, or prejudice, but in fact will
10 avoid the danger of inconsistent results and the expense of duplicative discovery and motions
11 practice.  *See* Cascade Yarns, Inc. v. Knitting Fever, Inc., No. C10-861 RSM, 2013 WL
12 6008308, at *4 (W.D. Wash. Nov. 13, 2013) ("Both cases will likely involve overlapping fact
13 and expert witnesses as to all claims.  Far from prejudicing either party, consolidation avoids
14 the danger that two juries reach inconsistent results in two separate trials.").

15 Because common issues of fact and law predominate, the Court should consolidate the
16 two actions.  *See* In re Adams Apple, Inc., 829 F.2d at 1487; Fed. R. Civ. P. 42(a).

17 **B.     MERGER**

18 Second, in consolidating these actions, the Court should order that the Related Action
19 be merged into this action, with the consolidated action bearing the caption of this case and
20 the allegations in Everest's complaint for declaratory judgment treated as counterclaims.
21 Under Fed. R. Civ. P. 42(a), a court has authority when consolidating cases to either have them
22 retain their separate character, or to merge them into a single action.  Schnabel v. Lui, 302 F.
23 3d 1023, 1035 (9th Cir. 2002) ("The language of *Rule 42(a)* seems to authorize consolidation

PLAINTIFF'S MOTION TO CONSOLIDATE - 4

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

either as merger or as retaining separate character . . . ."). In fact, this District has consolidated *and merged* separate cases where appropriate. *See*, *e.g.*, Longview Fibre, 2007 WL 2916541; Kemper Sports, 2007 WL 4219355; Intertex, Inc. v. Dri-Eaz Products, Inc., No. C13-165-RSM, 2013 WL 2635028, at *4 (W.D. Wash. June 11, 2013) (consolidating and merging "mirror image" cases); Cascade Yarns, 2013 WL 6008308, at *5 (same).

Here, merger of the Related Action into this one is appropriate. This action contains all the parties and addresses all the claims. Moreover, as the party asserting breach of contract, statutory violations, and tort claims, Ro should be in the position of plaintiff. *See* Longview Fibre, 2007 WL 2916541, at *4 ("While Travelers's complaint was filed first and contains allegations about retrospective premiums, Longview should be in the position of plaintiff to facilitate an orderly and logical presentation of evidence to the jury."); *Dkt. 23* at 16 of 20 (Judge Erickson's Order) ("[T]he interests of justice, efficiency, and sound judicial administration support deferring to the Ro Lawsuit.").

## VI.    CONCLUSION

Because the two lawsuits contain common issues of law and fact, and because Ro should be in the position of plaintiff, the Court should consolidate the two pending actions and merge the Related Action into this one so that the combined suits bear the caption of this action.

///   ///   ///

///   ///   ///

///   ///   ///

PLAINTIFF'S MOTION TO CONSOLIDATE - 5

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   DATED this 1st day of August 2016.

2                              HARPER | HAYES PLLC

3

4                              By: s/ *Gregory L. Harper*
                                   Gregory L. Harper, WSBA No. 27311
                                   s/ *Charles K. Davis*
5                                  Charles K. Davis, WSBA No. 38231
                                   s/ *Thomas M. Williams*
6                                  Thomas M. Williams, WSBA No. 47654
                                   **Tel**.    206.340.8010
7                                  **Fax**.   206.260.2852
                                   **Email**: greg@harperhayes.com
8                                             cdavis@harperhayes.com
                                              twilliams@harperhayes.com
9                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO CONSOLIDATE - 6

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# CERTIFICATE OF SERVICE

Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Monday, August 01, 2016*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

| | |
|---|---|
| **NAME:** | Daniel R. Bentson |
| **EMAIL ADDRESS:** | dan.bentson@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services |
| | |
| **NAME:** | Owen Mooney |
| **EMAIL ADDRESS:** | owen.mooney@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services |

I further certify that, pursuant to Section III(M) of the *U.S. District Court Amended Electronic Filing Procedures*, I electronically delivered a proposed Order in Word format to the following judge's email:

**EMAIL ADDRESS**
LasnikOrders@wawd.uscourts.gov

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED *August 1, 2016* in Seattle, Washington.

*/s/ Nicole Plouf*
Nicole Plouf

PLAINTIFF'S MOTION TO CONSOLIDATE - 7

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852