1
2
3
4
5
6                           UNITED STATES DISTRICT COURT
7                          WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE
8  _____
                                          )
9  DAEIL RO,                              )
                                          )        Civil Case No. C16-0664RSL
10                            Plaintiff,  )
            v.                            )
11                                        )        ORDER GRANTING LANCER'S
   EVEREST INDEMNITY INSURANCE, *et al*,  )        MOTION TO DISMISS
12                                        )
                              Defendants. )
13 _____)

14
15         This matter comes before the Court on the "Motion to Dismiss Plaintiff's Claims Against

16 Lancer Claims Services." Dkt. # 9. Plaintiff alleges that his request for insurance coverage under

17 a policy issued by defendant Everest Indemnity Insurance was denied, giving rise to claims of

18 negligence, bad faith, and violations of the Washington Consumer Protection Act ("CPA")

19 against both the insurer and defendant Lancer Claims Services.[1] Lancer seeks dismissal of all

20 claims against it, arguing that the allegations of the complaint are insufficient to state a claim

21 upon which relief can be granted.

22         The question for the Court on a motion to dismiss is whether the facts alleged in the

23 _____

24         [1] Plaintiff has withdrawn his Insurance Fair Conduct Act claim against Lancer. Dkt. # 10 at 5.
   Because Lancer has not shown that there is an actual conflict between the laws of Washington and
25 Minnesota or attempted to apply Washington's most-significant-relationship test, the Court declines to
   engage in a conflict-of-laws analysis.
26

ORDER GRANTING LANCER'S
MOTION TO DISMISS - 1

complaint sufficiently state a "plausible" ground for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

<u>Somers v. Apple, Inc.</u>, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. <u>In re Fitness Holdings Int'l, Inc.</u>, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the complaint and the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

Plaintiff's allegations against Lancer are minimal. Plaintiff alleges that Lancer wrote two letters on behalf of Everest disclaiming any duty to defend or indemnify under the policy. Plaintiff offers alternative descriptions of the relationship between Lancer and Everest, stating that "Lancer acted either as Everest's agent . . .  or acted in concert with Everest . . . ." Dkt. # 1

---

[2] This matter can be decided on the papers submitted. Lancer's request for oral argument is therefore DENIED.

ORDER GRANTING LANCER'S
MOTION TO DISMISS - 2

at ¶ 3.[3] The facts alleged in the complaint give rise to the plausible inference that Lancer evaluated plaintiff's claim on Everest's behalf, acting as the insurer's agent. Plaintiff has not, however, alleged any facts suggesting that Lancer and Everest worked together to adjust plaintiff's claim or otherwise acted jointly towards plaintiff. That allegation is therefore conclusory and has been ignored. The Court analyzes this matter under the law of agency.

Under Washington law, an employee or agent can be personally liable to a third party injured by the agent's tortious conduct if his or her conduct breaches a duty that the agent owes to the third party and the agent does so knowingly. Annechino v. Worthy, 175 Wn.2d 630, 638 (2012). The Court assumes, for purposes of this motion, that Lancer owed plaintiff a duty to act with reasonable care under the common law, a duty of good faith under RCW 48.01.030, and a duty to avoid unfair or deceptive acts under the CPA. The Court also assumes that plaintiff's allegations of breach are sufficient under Twombly. Nevertheless, plaintiff's claims against Lancer fail as a matter of law because he has alleged only that Lancer's denial of coverage on behalf of Everest was unreasonable and/or involved misrepresentations. Dkt. # 1 at ¶ 22 and ¶ 31. Tortious conduct alone is not enough, however: the misrepresentation or wrongdoing must be knowing in order to generate liability for both the agent and the principal. The allegations in this case do not support a reasonable inference that Lancer acted with knowledge of the alleged errors or of the falsity of its statements. There is no indication that Lancer was self-interested in the outcome of plaintiff's claim, that it benefited from the denial, or that it knowingly participated in wrongdoing. As plaintiff notes in the complaint, to the extent Lancer was acting as Everest's agent, Lancer's acts bind the principal and create causes of action against Everest. The agent itself can be held liable for those same torts only if it knowingly engaged in wrongdoing. Plaintiff's allegations in this regard fall short.

In contrast, the plaintiff in Lease Crutcher Lewis WA, LLC v. Nat'l U. Fire Ins. Co. of

---

[3] Plaintiff's conclusions regarding the legal effect of each type of relationship have been ignored.

ORDER GRANTING LANCER'S
MOTION TO DISMISS - 3

Pittsburgh, PA, C08-1862RSL, specifically alleged that the adjuster, in concert with its sister company, engaged in a deliberate settlement strategy that was intended to benefit the companies at the direct expense of the insured and in violation of various duties. Whether the adjuster knowingly violates an independent duty owed the insured must be determined on a case-by-case and claim-by-claim basis. Although the law cited in Lease Crutcher is applicable, the ultimate holding is not given the material differences in the allegations of the complaints.

For all of the foregoing reasons, Lancer's motion to dismiss (Dkt. # 9) is GRANTED. Although all claims against Lancer fail as a matter of law, this action continues as to Everest and a motion for leave to amend is already pending. In this context, leave to amend will not be blindly granted. If, after the Court rules on the pending motion, plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to remedy the pleading and legal deficiencies identified in this Order, he may file a motion to amend and attach a proposed pleading for the Court's consideration.

Dated this 9th day of August, 2016.

_MW S Lasnik_

Robert S. Lasnik
United States District Judge

ORDER GRANTING LANCER'S
MOTION TO DISMISS - 4