THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAEIL RO,<br><br>           Plaintiff,<br><br>      v.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a foreign insurance company; BROWN & BROWN PROGRAM INSURANCE SERVICES, INC., a California corporation d/b/a LANCER CLAIMS SERVICES,<br><br>           Defendants. | No.: 2:16-cv-664<br><br>EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**August 19, 2016** |

## I. INTRODUCTION

Everest Indemnity Insurance Company respectfully submits this response to Plaintiff Daeil Ro's motion for consolidation and merger. Everest does not oppose consolidation of the first-filed *Everest Indem. Ins. Co. v. Daeil Ro* matter (the "First-Filed Action") with the present lawsuit.[1] The First-Filed Action has now been transferred from the federal district court in Minnesota to this Court and consolidation of at least certain aspects of these two separate cases would promote efficiency and consistency, especially since Lancer Claims

---

[1] USDC Case No. 2:16-cv-01170-RSL.

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 1

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Services has now been dismissed.

Everest, however, does not agree that a complete and unqualified merger is appropriate at this time. The First-Filed Action was transferred to this Court pursuant to 28 U.S.C. § 1404(a). And, therefore, Minnesota's choice-of-law analysis must be applied to the declaratory judgment claims asserted in that action.[2] In 1964, the United States Supreme Court addressed this issue head on stating:

> We conclude, therefore, that in cases such as the present, where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.[3]

Ro's motion is silent about whether Minnesota's choice-of-law analysis must apply to the claims asserted in the First-Filed Action. But because the First-Filed Action was transferred pursuant to Section 1404(a), applicable precedent requires application of Minnesota's choice-of-law rules. Absent agreement from Ro that Minnesota's choice-of-law analysis applies to the core coverage questions at issue, merger is not appropriate at this time. If the choice-of-law analysis is disputed, which Everest understands it to be, merger is not yet appropriate, but may appropriate once that issue is resolved.

The motion and proposed order Ro submitted provide no insight about how the requested merger of these actions would be accomplished without causing prejudice to Everest, which brought the First-Filed Action to address the core coverage issues in dispute. The complete merger of two actions typically requires merger of the claims into a single complaint, the loss of separate status by the two previously distinct actions, and resolution of the entire matter at a single trial. Ro has not offered a proposal to accomplish these actions

---

[2] *See Goodhue v. Catalina Mortgage Co.*, 76 Fed. Appx. 781, 783 (9th Cir. 2003) (the choice-of-law provisions of the originating state govern a case transferred from another state's federal court under 28 U.S.C. § 1404(a)).

[3] *Van Dusen v. Barrack*, 376 U.S. 612, 84 S. Ct. 805, 11 Ed. 2d 945 (1964).

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 2

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

without prejudicing Everest's rights. Accordingly, his request for merger should be denied.

## II. LEGAL STANDARD

Where two separate cases "involve a common question of law or fact," Rule 42(a) of the Federal Rules of Civil Procedure allows the court to consider whether to consolidate the cases, and if so, to what extent and for what purposes.[4] "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice."[5] "[C]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[6] Rather, consolidation is simply an administrative tool for the convenience of the court and the parties; even after consolidation, each suit retains its separate character and must be decided on its own merits.[7]

## III. ARGUMENT

**A.  Everest does not oppose consolidation of the First-Filed Action with this lawsuit.**

The core claims for declaratory relief set out in the First-Filed Action involve the

---

[4] *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1984) *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

[5] *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

[6] *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (interpreting Rule 42's predecessor).

[7] *See, e.g., Sharp v. Aerna Pharms., Inc.*, No. 1-211, 2011 U.S. Dist. LEXIS 49307 at *3 (S.D. Cal. May 9, 2011) ("Even if Plaintiff's case is consolidated with the class actions for the purpose of discovery and pretrial proceedings, Plaintiff will not lose his procedural or substantive rights or cede authority over his claims."); *Chelsea, LLC v. Regal Stone, Ltd.*, No. 07-5800, 2009 U.S. Dist. LEXIS 10770, at *10-11 (N.D. Cal. Feb. 3, 2009) (consolidating cases "for discovery and pre-trial purposes only" and emphasizing that "[t]he separate lawsuits are not merged into a single action, and they retain their separate character . . . An act of consolidation does not affect any of the substantive rights of the parties.") (internal quotation marks, brackets, and citation omitted). *See Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (the court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."). *See also In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 U.S. Dist. LEXIS 9348, at *5-6 (N.D. Ill. July 7, 1995) (declining to consolidate cases involving common factual and legal questions because of the risk of prejudice to the parties and the potential for jury confusion).

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 3

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

same insurance-coverage issues relevant to the claims Ro asserted when he filed this lawsuit. Both cases would benefit from consolidation to coordinate discovery and other pretrial matters. However, even after consolidation, the two actions maintain their individual status for merits determinations and trial.

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.[8]

Consolidation is generally used to coordinate pretrial discovery and schedules.[9] Even where cases present similar issues, a district court may decline to consolidate and instead use other case management tools. Federal district courts often coordinate discovery and pretrial proceedings without consolidating cases.[10]

---

[8] FED. R. CIV. P. 42(a).

[9] *See , e.g., In re Oreck Corp. Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012) (granting consolidation of six related suits "for pretrial purposes only"); *Truckstop.Net, L.L.C. v. Spring Commc'ns Co., L.P.*, 537 F. Supp. 2d 1126, 1133 (D. Idaho 2008) ("While consolidated for purposes of ensuring consistent verdicts, the two cases have been treated differently for discovery and trial purposes by both the parties and the Court"); *Wall Products Co. v. Nat'l Gypsum Co.*, 357 F. Supp. 832, 834 (N.D. Cal. 1973) ("For convenience of disposition, these cases were consolidated for discovery and trial purposes and separate trials were ordered on the issues of liability and damages").

[10] *See, e.g., Hayes v. Corr. Corp. of Am.*, No. 09-00122, 2011 U.S. Dist. LEXIS 101312, at *24-25 (D. Id. Sept. 7, 2011) (denying motion to consolidate two cases "for all purposes" because "Hayes [a pro se plaintiff] is seeking damages and a jury trial, while the ACLU plaintiffs seek injunctive and declaratory relief only," but noting that "coordinating discovery efforts in the two cases makes sense" and directing the parties to meet and confer "to determine how best to produce responsive documents [that had been obtained by the ACLU in discovery] to Hayes"); *Roxane Labs., Inc. v. Abbott Labs.*, No. 12-312, 2013 U.S. Dist. LEXIS 132784, at *12 (S.D. Ohio Sept. 16, 2013) (citing cases) (where

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 4

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Everest agrees that the Court should coordinate the discovery, schedules, and other pretrial proceedings of these two cases. Because Ro's motion does not address discovery, pretrial proceedings, scheduling, and other issues that would arise following consolidation, Everest respectfully requests that the Court either: (1) order the parties to confer about a proposal for consolidation, or (2) hold a case management conference to consider and discuss how to best coordinate these two separate actions.

**B.     Merger, if ever appropriate, is premature and will only be appropriate if Everest's substantive rights are preserved.**

If the Court elects to consolidate these two cases, the cases will not be automatically merged into a single suit because consolidation does not otherwise change the rights of the parties.[11] Ro argues that the Court should take the extraordinary step of merging the First-Filed Action with this lawsuit. But doing so would depart from the practice adopted by the majority of courts, which do not merge consolidated suits. Ro likely seeks merger in hope of avoiding the Supreme Court's mandate that Minnesota's choice-of-law rules govern the First-Filed Action. Regardless of Ro's motivation for seeking merger, the Court should not order merger of these two cases because merger would prejudice Everest's rights.

To support his argument for merger, Ro relies primarily on *Travelers Indem. Co. v. Longview Fibre Paper & Packaging*.[12] *Longview* involved a dispute between a single insured and several insurers, all of which were affiliated with Travelers (the "Travelers

---

cases were pending before the same judge, the "[c]ourt can therefore coordinate discovery and minimize the risk and burden of duplicative discovery even without consolidation.").

[11] *See Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001) ("Although consolidation 'is permitted as a matter of convenience and economy in administration, [it] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)).

[12] C07-1009-BHS, 2007 WL 2916541 (W.D. Wash. Oct. 5, 2007).

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 5

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

entities").[13]  The Travelers entities disputed whether they were obligated to defend and indemnify Longview with respect to an underlying asbestos case.[14]  The Travelers entities together filed suit seeking a declaratory judgment regarding these coverage questions.[15]  Longview filed a separate suit against the Travelers entities, also seeking declaratory relief.[16]  Longview then sought consolidation of the two actions.[17]

The *Longview* court analyzed the various factors considered by courts addressing consolidation and noted that "the majority of courts subscribe to the traditional rule" that cases that are consolidated under Rule 42 retain their separate character.[18]  Unlike this case, the parties in *Longview* both contemplated that the cases would be merged and would proceed under one complaint.[19]  The *Longview* court placed considerable weight on the parties' agreement that consolidation and merger were appropriate.

Similarly, another case upon which Ro relies in seeking merger involved agreement by the parties that merger was appropriate.  *Kemper Sports Mgmt., Inc. v. Westport Investments, LLC*.[20]  Unlike *Kemper Sports* and *Longview*, the parties here do not agree that an unqualified merger of the cases is appropriate at this time.  The *Kemper Sports* and *Longview* decisions do not suggest that merger should be ordered here.

---

[13] 2007 WL 2916541 at *1.

[14] *Id*.

[15] *Id*.

[16] *Id.* at *2.

[17] *Id*.

[18] *Id.* at *3.

[19] *Id*.

[20] No. C07-5468-BHS, 2007 WL 4219355, at *3 (W.D. Wash. Nov. 28, 2007).

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 6

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

In *Cascade Yarns, Inc. v. Knitting Fever, Inc.*,[21] another case upon which Ro relies, the plaintiff filed a second lawsuit of its own, in the same court, after receiving an adverse ruling from the original judge.[22] The plaintiff then moved to merge its own two actions. The court agreed that the plaintiff's two lawsuits should be merged and granted the motion to merge the second suit into the first.[23] The present situation differs greatly from *Cascade Yarns*, making that decision inapplicable to this motion.

The *Intertex, Inc. v. Dri-Eaz Products, Inc.*,[24] decision cited by Ro highlights the choice-of-law obstacle to complete and unconditional merger present here. In *Dri-Eaz*, one of the parties opposed merger. When considering whether to merge the actions, the *Dri-Eaz* court concluded that the actions were similar, but it approved merger only ***after*** it had resolved the choice-of-law analysis question and had concluded that the same state's choice-of-law would apply to **both** actions.[25]

The cases Ro cites suggest that merger is appropriate where: (1) the parties to the actions agree to merger, or (2) the Court has concluded that the same law will be applied in both actions. Here, the Court has not yet been asked to consider and decide the choice-of-law issues associated with these two lawsuits. And the Court should not resolve these choice-of-law issues until they have been fully briefed by the parties. Until the Court completes its choice-of-law analysis—and concludes whether Minnesota or Washington law governs each claim asserted in this action and the First-Filed Action—merger of these two separate lawsuits is premature and will unfairly prejudice Everest.

---

[21] No. C10-861-RSM, 2013 WL 6008308 (W.D. Wash. Nov. 13, 2013).

[22] *Id*. at *4

[23] *Id*.

[24] No. C13-165-RSM, 2013 WL 2635028, (W.D. Wash. June 11, 2013).

[25] *Id.* at *4.

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 7

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

When the Court does consider the choice-of-law issues, Supreme Court and Ninth Circuit precedent require that Minnesota's choice-of-law analysis be applied to the claims Everest asserts in the First-Filed Action.[26]  Specifically, Everest's request for a judicial determination that it had no duty to defend or indemnify Ro for the claims asserted against him in the underlying lawsuit.  Because Supreme Court precedent requires application of Minnesota's choice-of-law rules to Everest's claims, Ro cannot use merger to deprive Everest of this substantive legal right.  Until the Court resolves this choice-of-law issue, merger is inappropriate.

## IV.  CONCLUSION

Everest agrees that the First-Filed Action transferred to this Court should be consolidated with the present action.  Consolidation of these actions is appropriate to the extent that it does not impair Everest's substantive rights.  Merger, however, may impact Everest's substantive rights, specifically, the application of Minnesota's choice-of-law rules.  Accordingly, the Court should resolve this choice-of-law issue before merging the First-Filed Action with this lawsuit.  The Court should therefore deny Ro's merger request at this time.  To the extent the Court chooses to merge these two separate actions, it should expressly reserve ruling on the application of Minnesota's choice-of-law analysis for a later determination.

//
//
//
//
//
//

---

[26] *See Goodhue*, 76 Fed. Appx. at 783.

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 8

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 | DATED:  August 15, 2016

2 | BULLIVANT HOUSER BAILEY PC

4 | By _____
5 | Daniel R. Bentson, WSBA #36825
E-mail:  dan.bentson@bullivant.com
Owen R. Mooney, WSBA #45779
6 | E-mail: owen.mooney@bullivant.com

7 | Attorneys for Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services

4824-7975-8646.1

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 9

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2016, I electronically filled with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the person(s) listed below,

>Gregory L. Harper
>Charles K. Davis
>Thomas M. Williams
>Harper Hayes PLLC
>One Union Square
>600 University Street, Suite 2420
>Seattle, Washington 98101
>Telephone:  206.340.8010
>Email: greg@harperhayes.com
>       cdavis@harperhayes.com
>       twilliams@harperhayes.com

*Attorneys for Plaintiff*

                        Anita Brewer

**Discovery Service Agreement**:

TO:  greg@harperhayes.com; cdavis@harperhayes.com; twilliams@harperhayes.com; vheindel@harperhayes.com; nplouf@harperhayes.com

CC:  Dan Bentson; Owen Mooney; Leslie Narayan; Genevieve Schmidt

4814-7507-0514.1

EVEREST INDEMNITY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE
No.: 2:16-cv-664

Page 10

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930