THE HONORABLE ROBERT S. LASNIK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE**

| | |
|---|---|
| DAEIL RO,<br><br>        Plaintiff,<br><br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a foreign insurance company; BROWN & BROWN PROGRAM INSURANCE SERVICES, INC., a California corporation d/b/a LANCER CLAIMS SERVICES<br><br>        Defendants. | No. 2:16-cv-00664 RSL<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## I. INTRODUCTION

The United States District Court for the District of Minnesota transferred the Related Action[1] to this Court on two grounds. (1) Out of deference to this lawsuit as an exception to the "first-filed rule":

> Ro asks the Court to disregard the [first-filed] rule and dismiss or transfer this action in deference to the Ro Lawsuit in the Western District of Washington. The Court finds that this case does not call for the application of the first-filed rule and that the interests of sound judicial administration counsel for the transfer of this action.

*Dkt. 23* at 13 of 20. And (2) for improper venue under 28 U.S.C. § 1406(a):

> Even if the Court were not transferring this action in deference to the litigation in Washington, it would transfer it pursuant to 28 U.S.C. § 1406(a) for improper venue under 28 U.S.C. § 1391.

*Dkt. 23* at 17 of 20.

The transfer order's only mention of Section 1404(a)—the convenience transfer statute—was to point out that the court did not reach that issue:

> Ro alternatively moves for transfer pursuant to 28 U.S.C. § 1404(a). Because the Court grants the motion to transfer on the grounds set forth above, ***it does not reach this question***.

*Dkt. 23* at 20 of 20 (emphasis added).

Notwithstanding that the court in Minnesota did not even address 1404(a), Everest now tells *this* Court that the Related Action was transferred under that statute: "The First-Filed Action was transferred to this Court pursuant to 28 U.S.C. § 1404(a)." *Dkt. 28* at 2. Everest then claims that it is entitled to application of Minnesota's choice-of-law rules because of this

---

[1] "Related Action" refers to *Everest Indem. Ins. Co. v. Ro*, filed in the District of Minnesota, transferred to the Western District of Washington, and assigned case number 2:16-cv-01170-RSL.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 1

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1 alleged Section 1404(a) transfer: "because the First-Filed Action was transferred pursuant to 2 Section 1404(a), applicable precedent requires application of Minnesota's choice-of-law 3 rules." *Dkt. 28* at 2.  Finally, Everest argues that merging the two lawsuits will unfairly 4 prejudice Everest by depriving it of its right to have choice-of-law issues decided under 5 Minnesota law:  "Because Supreme Court precedent requires application of Minnesota's 6 choice-of-law rules to Everest's claims, Ro cannot use merger to deprive Everest of this 7 substantive legal right." *Dkt. 28* at 8.

8 But the court in Minnesota did *not* transfer the case under 28 U.S.C. § 1404(a).  It 9 specifically declined to even address Section 1404(a).  Because Everest is wrong about the 10 basis of the transfer, it is also wrong about the transfer's effect on the choice-of-law analysis— 11 cases transferred under Section 1406(a) for improper venue are subject to the law of the 12 *transferee* forum—including its choice of law rules.  *See* Martin v. Stokes, 623 F.2d 469, 472 13 (6th Cir. 1980) ("[F]ollowing a transfer under § 1406(a), the transferee district court should 14 apply its own state law rather than the state law of the transferor district court.").

15 And because Washington's choice-of-law rules apply to both this lawsuit and the 16 transferred Related Action,[2] Everest has failed to demonstrate any prejudice that would result 17 from merging the cases.  Ro therefore respectfully requests that the Court consolidate these 18 two cases and merge Case No. 2:16-cv-01170-RSL into this one.

---

[2] A full choice-of-law analysis is unnecessary at this time.  Ro is simply pointing out that Everest has no substantive right to application of Minnesota's choice-of-law rules that could be prejudiced by merging the Related Action into this one.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 2

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## II. ARGUMENT

### A. CONSOLIDATION

Everest does not oppose consolidation under Fed. R. Civ. P. 42(a). *See Dkt. 28* at 3-5. Therefore, the Court should consolidate the two cases.

### B. MERGER

Everest opposes merger, arguing that merger would prejudice Everest by depriving it of the "substantive legal right" to have choice-of-law issues determined under Minnesota's choice-of-law rules. *Dkt. 28* at 5-8. Everest does not argue any other grounds of prejudice. According to Everest, Minnesota's choice-of-law rules apply because the Related Action "was transferred to this Court pursuant to 28 U.S.C. § 1404(a)." *Dkt. 28* at 2.

But that isn't true. Instead, the Related Action was transferred "in deference to the ongoing related litigation in Washington," *Dkt. 23* at 5 of 20, and because venue was improper under 28 U.S.C. § 1391, requiring transfer under 28 U.S.C. § 1406(a). *Dkt. 23* at 17 of 20. Not only did the District of Minnesota not address Section 1404(a), Section 1404(a) does not apply where, as was the case in Minnesota, venue is *improper*, as opposed to merely inconvenient. *See* Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) ("[Section] 1404(a) operates on the premises that the plaintiff has *properly exercised his venue privilege*.") (emphasis added); Nizami v. Woods, 263 F. Supp. 124, 125 (S.D.N.Y. 1967) ("Since venue in this District is improper, § 1404(a) quite clearly does not apply.").

The choice-of-law consequences of transfer under Section 1406 are markedly different from those under a 1404 transfer: "[F]ollowing a section 1406(a) transfer, regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits." Ellis v. Great Sw. Corp., 646 F.2d 1099,

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 3

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1109–10 (5th Cir. 1981); *see also* <u>Nat'l City Bank, N.A. v. Prime Lending, Inc.</u>, No. CV-10-034-EFS, 2010 WL 2854247, at *5 (E.D. Wash. July 19, 2010) ("When a case is transferred between districts, the court must apply the transferor state's choice of law rules, unless the case was transferred for improper venue or lack of personal jurisdiction.").

This is because the purpose of transfer under the two statutes is different:

> Since a transfer under § 1404(a) represents only a change in courtrooms for the convenience of the litigants and witnesses, it should not affect the state law governing the action.
>
> The purposes of § 1406(a), however, suggest just the opposite choice of law. A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum.

<u>Martin</u>, 623 F.2d at 472.

Treating a Section 1406 transfer the same as a Section 1404 transfer by applying the transferor forum's choice-of-law rules would reward the plaintiff for suing in an improper forum:

> If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court was a proper forum. Such forum-shopping was what the Supreme Court sought to eliminate by its decision in *Van Dusen*. Accordingly, we conclude, as have the majority of authorities that have considered this question, that following a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court.

<u>Martin</u>, 623 F.2d at 472.

By claiming a "substantive right" to Minnesota's choice-of-law rules, Everest is attempting to "benefit from having brought the action in an impermissible forum." *See* <u>Martin</u>, 623 F.2d at 472.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 4

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    This analysis is unaffected by the fact that District of Minnesota *also* based the transfer on deference to this lawsuit as an exception to the first-filed rule. *Dkt. 23* at 13 of 20.  Applying the law of the transferor court applies only to Section 1404(a) transfer,[3] not transfers based on any other grounds.  *See* Globespan, Inc. v. O'Neill, 151 F. Supp. 2d 1229, 1233 (C.D. Cal. 2001) ("[W]hen a transfer is based on other grounds, a federal court sitting in diversity shall apply the choice of law rules of the state in which it sits."); Stryker Corp. v. Ridgeway, No. 1:13-CV-1066, 2015 WL 5308038, at *3 (W.D. Mich. Sept. 10, 2015) ("[I]f the transfer was made not for the convenience of the parties and witnesses but pursuant to the first-to-file rule, then no deference to the transferor court is required.").  Moreover, the same policy considerations apply where, as was the case in Minnesota, the first-filed plaintiff sued only after being put on notice that the other party intended to imminently file a lawsuit—applying the transferor forum's choice-of-law rules would reward the plaintiff for its anticipatory suit.

Everest is thus not entitled to application of Minnesota's choice-of-law rules in this lawsuit.  And because Everest does not identify any potential prejudice other than the choice-of-law issue, *see Dkt. 28*, it won't be prejudiced if the Court merges the Related Action into this one.

---

[3] Even in cases transferred under Section 1404(a), application of the transferor forum's choice-of-law rules is appropriate only when transfer is for the convenience of parties and witnesses, and not when that statute is used for transfer on other grounds.  *See*, *e.g.*, Nelson v. Int'l Paint Co., 716 F.2d 640, 643 (9th Cir. 1983) ("In determining whether the laws of the transferor or the transferee state apply to a diversity action that was transferred from one state to another . . . we distinguish between cases transferred for the convenience of one of the parties under 28 U.S.C. § 1404(a), and cases transferred under 28 U.S.C. §§ 1404(a) or 1406(a) to cure a lack of personal jurisdiction in the district where the case was first brought."); Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 600 (4th Cir. 2004) ("[I]n light of the principles animating the Supreme Court's decision in *Van Dusen,* we are not at all sure that the *Van Dusen* precedent should be blindly and mechanically applied.").

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 5

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

### III. CONCLUSION

Both parties agree that the Court should consolidate this action and the Related Action. And because Everest cannot demonstrate any prejudice it would suffer from merger, the Court should also merge the Related Action into this one so that the combined suits bear the caption of this action.

DATED this 19th day of August 2016.

HARPER | HAYES PLLC

By: s/ *Gregory L. Harper*
Gregory L. Harper, WSBA No. 27311
s/ *Charles K. Davis*
Charles K. Davis, WSBA No. 38231
s/ *Thomas M. Williams*
Thomas M. Williams, WSBA No. 47654
**Tel**.   206.340.8010
**Fax**.   206.260.2852
**Email**: greg@harperhayes.com
cdavis@harperhayes.com
twilliams@harperhayes.com
Attorneys for Plaintiff

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 6

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

# CERTIFICATE OF SERVICE

Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Friday, August 19, 2016*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

| | |
|---|---|
| **NAME:** | Daniel R. Bentson |
| **EMAIL ADDRESS:** | dan.bentson@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company |
| | |
| **NAME:** | Owen Mooney |
| **EMAIL ADDRESS:** | owen.mooney@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED *August 19, 2016* in Seattle, Washington.

*/s/ Nicole Plouf*
Nicole Plouf

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 7

Case No. 2:16-cv-00664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852