# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| DAEIL RO,<br><br>    Plaintiff,<br><br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a foreign insurance company; BROWN & BROWN PROGRAM INSURANCE SERVICES, INC., a California corporation d/b/a LANCER CLAIMS SERVICES<br><br>    Defendants. | No. 2:16-cv-664 RSL<br><br>AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF<br><br>**JURY DEMANDED** |

Plaintiff Daeil Ro alleges as follows:

## I.  PARTIES

1. Plaintiff Daeil Ro is an individual who resides in Washington.

2. On information and belief, Defendant Everest Indemnity Insurance Company ("Everest") is a corporation formed under the laws of Delaware and having its principal place of business in New Jersey.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 1

No. 2:16-cv-664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

3.     On information and belief, Defendant Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services ("Lancer"), is a corporation formed under the laws of California and having its principal place of business in California. As to the allegations stated in this Complaint, Lancer acted either as Everest's agent (for whose actions Everest is liable), acted in concert with Everest (in which case joint and several liability shall be imposed), or acted outside the scope of its authority as to the actions at issue in this lawsuit.

## II.   JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Defendant Everest in part because Everest transacts business within Washington and contracts to insure persons and risks located in Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

5.     This Court has personal jurisdiction over Defendant Lancer in part because it transacts business within Washington, and is thus subject to jurisdiction under RCW 4.28.185, Washington's Long Arm Statute.

6.     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Defendants are citizens of states other than the state where Plaintiff is a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## III.   FACTS

8.     Everest issued Securities Broker/Dealer and Registered Professional Liability Insurance Policies to certain Ameriprise entities, with Ameriprise Financial Services, Inc., American Enterprise Investment Services, Inc., and Ameriprise Advisor Services, Inc.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 2

No. 2:16-cv-664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

identified as named insureds.  Such policies include policy number FL5EO00016-141, with a January 1, 2014 to January 1, 2015 policy period (the "Policy").

9.     As a Registered Representative for Ameriprise Financial Services, Inc., Plaintiff is an insured under the Policy.

10.    In early 2014, an individual named Fumitaka Kawasaki ("Kawasaki") contacted Plaintiff to request the return of funds invested in businesses located in South Korea.

11.    Plaintiff timely notified Everest of Kawasaki's claim.  On May 2, 2014, Lancer, on behalf of Everest, responded to Plaintiff's notice.  Everest and Lancer disclaimed any duty to defend or indemnity Plaintiff.

12.    Everest's May 2, 2014 denial relied in part on the Policy's "retroactive date" exclusion:  "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc. is March 21, 2012.  However, it appears the alleged error occurred on February 6, 2002, when the client worked through you to purchase the Korean real estate property."

13.    Everest's May 2, 2014 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

14.    On April 30, 2015, Kawasaki filed a lawsuit against Plaintiff and Plaintiff's father, Myung Ro, in the Superior Court of Washington for King County under case number 15-2-10562-1 KNT (the "Underlying Action").

15.    The Complaint in the Underlying Action included the allegations Kawasaki made in 2014.  But the Complaint also contained additional allegations, such as alleged wrongdoing by Plaintiff occurring in 2013 and allegations involving investments other than the South Korean businesses.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

No. 2:16-cv-664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

16. Plaintiff tendered the Underlying Action to Everest. By letter dated June 5, 2015, Lancer responded purportedly on behalf of Everest. Everest and Lancer denied any duty to defend or indemnify Plaintiff in relation to the Underlying Action.

17. Defendants' June 5, 2015 denial again relied on the Policy's "retroactive date" exclusion: "Based upon our investigation, your Retroactive Date with Ameriprise Financial Services, Inc., is March 21, 2012. However, it appears the alleged error occurred in February 2002, when the client worked through you to purchase the Korean real estate property."

18. Everest's June 5, 2015 denial also stated that the activities complained of did not meet the Policy's definitions of "Approved Activity" or "Professional Services," and were therefore excluded.

19. In March 2016, after mediation and several months of negotiations, the parties to the Underlying Action entered into a settlement agreement, fully resolving all claims asserted in the Underlying Action.

### IV. CAUSES OF ACTION

#### COUNT I
#### Declaratory Relief

20. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

21. An actual controversy exists between Plaintiff and Defendants as to the rights and obligations of the parties under the Policy. Plaintiff is entitled to declarations of the rights and obligations of the parties under the Policy pursuant to applicable statute, rule, and common law.

22. The declaratory relief sought includes, but is not limited to, declarations that: (a) Everest has a duty to defend Plaintiff in the Underlying Action; (b) Everest has a duty to indemnify Plaintiff in the Underlying Action; (c) Everest breached its duties to defend and indemnify Plaintiff against the Underlying Action; (d) Defendants' failure to timely accept the

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 4

No. 2:16-cv-664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

defense of Plaintiff was unreasonable, frivolous, or unfounded; (e) by virtue of Defendants' acts, omissions, and breaches, Plaintiff is excused from all conditions allegedly imposed by the Policy; and (f) by virtue of Defendants' acts, omissions, and breaches, Everest is estopped from denying coverage for the settlement entered into by Plaintiff in the Underlying Action.

## COUNT II
### Breach of Contract
### (As to only Everest)

23. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

24. Plaintiff is an insured under the Policy, and therefore a contractual relationship exists between Plaintiff and Everest.

25. Under the provisions of the Policy, Everest was obligated to defend and indemnify Plaintiff in the Underlying Action.

26. Everest materially breached its contractual obligations to defend, indemnify, and settle under the Policy.

27. Everest's breaches caused harm to Plaintiff.

## COUNT III
### Violation of RCW 48.30.015 – Washington's Insurance Fair Conduct Act

28. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

29. Plaintiff is a first party claimant to the Policy within the meaning of RCW 48.30.015(4).

30. Defendant Everest unreasonably denied a claim for coverage or payment of benefits by refusing to defend or indemnify Plaintiff in the Underlying Action.

31. Defendant Everest violated WAC 284-30-330, and thus violated RCW 48.30.015(5), by, among other things: (a) misrepresenting pertinent facts or insurance policy provisions; (b) failing to adopt and implement reasonable standards for the prompt

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 5

No. 2:16-cv-664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

investigation of claims arising under insurance policies; and (c) refusing to pay claims without conducting a reasonable investigation.

32. Defendant Everest's violation of RCW 48.30.015 caused harm to Plaintiff in an amount to be proven at trial.

33. On March 25, 2016, Plaintiff provided Defendant Everest and the Office of the Insurance Commissioner with written notice of his intent to bring a cause of action under RCW 48.30.015.

34. More than 20 days have passed since Plaintiff provided his RCW 48.30.015 notice to Defendant Everest, and Defendant Everest has failed to resolve the basis for the action.

## COUNT IV
## Consumer Protection Act

35. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

36. The business of insurance is one affected by the public interest under RCW 48.01.030.

37. Defendants' violations of WAC 284-30-330 constitute unfair or deceptive acts or practices occurring in trade or commerce in violation of Washington's Consumer Protection Act, RCW Chapter 19.86.

38. Defendants' violation of the Washington's Consumer Protection Act caused injury to Plaintiff's business or property in an amount to be proven at trial.

## COUNT V
## Insurer Bad Faith

39. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 6

No. 2:16-cv-664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

40. Pursuant to Tank v. State Farm Fire & Cas. Co., 715 P.2d 1133 (Wash. 1986), RCW 48.01.030, and other applicable Washington law, Defendant Everest owed a duty to act in good faith towards Plaintiff.

41. Defendant Everest breached that duty of good faith, causing harm to Plaintiff in an amount to be proven at trial.

### COUNT VI
### Negligence

42. Plaintiff re-alleges the preceding paragraphs as though fully set forth herein.

43. Defendants had a duty to use ordinary care in investigating Plaintiff's claim for coverage under the Policy.  For example, and without limitation, Defendant Everest had a duty to institute standards for prompt and thorough investigations, conduct a thorough investigation, and make a coverage decision in compliance with all applicable law and insurance regulations.  Defendant Lancer had independent duties to Plaintiffs to abide by Everest's investigative standards, if any; to conduct an investigation in compliance with those standards and applicable law; and to exercise reasonable care in all its actions towards Plaintiffs.

44. Defendants failed to use ordinary care in investigating Plaintiff's claim for coverage under the Policy and negligently denied Plaintiff's claim by refusing to defend or indemnify Plaintiff in the Underlying Action.

45. Defendants' negligence caused harm to Plaintiff in an amount to be proven at trial.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For declaratory relief consistent with the pleadings herein;

AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 7

No. 2:16-cv-664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

2. For an award of all money damages legally available as a result of the Defendants' acts, omissions, or breaches;

3. For an award of treble damages as authorized by RCW 19.86.090 and RCW 48.30.015(2);

4. For an award of reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, as authorized by RCW 48.30.015(3), RCW 19.86.090, and pursuant to Olympic Steamship Co., Inc. v. Centennial Ins. Co., 811 P.2d 673 (Wash. 1991), and other applicable law;

5. For an award of pre- and post-judgment interest, as applicable; and

6. For such other further relief as the Court deems just and equitable.

## VI.   JURY DEMAND

Plaintiff demands a trial by jury in accordance with Fed. R. Civ. P. 38.

DATED this 29th day of August 2016.

HARPER | HAYES PLLC

By: s/ *Gregory L. Harper*
Gregory L. Harper, WSBA No. 27311
s/ *Charles K. Davis*
Charles K. Davis, WSBA No. 38231
s/ *Thomas M. Williams*
Thomas M. Williams, WSBA No. 47654
600 University Street, Suite 2420
Seattle, WA 98101
**Tel**.   206.340.8010
**Fax**.   206.260.2852
**Email**: greg@harperhayes.com
cdavis@harperhayes.com
twilliams@harperhayes.com
Attorneys for Plaintiff

AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 8

No. 2:16-cv-664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## CERTIFICATE OF SERVICE

Pursuant to United States District Court Western District of Washington CR 5(f), the undersigned certifies that on *Monday, August 29, 2016*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

| | |
|---|---|
| **NAME:** | Daniel R. Bentson |
| **EMAIL ADDRESS:** | dan.bentson@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services |

| | |
|---|---|
| **NAME:** | Owen Mooney |
| **EMAIL ADDRESS:** | owen.mooney@bullivant.com |
| **REPRESENTING:** | Defendants Everest Indemnity Insurance Company and Brown & Brown Program Insurance Services, Inc., d/b/a Lancer Claims Services |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED *August 29, 2016* in Seattle, Washington.



Victoria Heindel

AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 9

No. 2:16-cv-664 RSL

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852