THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | DAEIL RO,

| No.: 2:16-cv-664

11 |                Plaintiff,

| COURT ORDERED RESPONSE BY
| COUNSEL FOR EVEREST INDEMNITY
| INSURANCE COMPANY

12 |        v.

13 | EVEREST INDEMNITY INSURANCE
   | COMPANY, a foreign insurance company;
14 | BROWN & BROWN PROGRAM
   | INSURANCE SERVICES, INC., a California
15 | corporation d/b/a LANCER CLAIMS
   | SERVICES,

16 |                Defendants.

17

18        This Court issued an order[1] consolidating and merging this lawsuit with another

19  lawsuit transferred to this Court from the U.S. District Court for the District of Minnesota

20  (the "Minnesota Action").[2]  In the order, the Court directed defense counsel for Everest

21  Indemnity Insurance Company to file a memorandum with the Court.

22        Both I and the other counsel representing Everest, recognize that we misstated the

23  basis upon which the Minnesota Action was transferred to this Court.  That mistake was

24  _____

25  [1] Order Granting Plaintiff's Motion to Consolidate and Merging Cases (Dkt No. 32).

26  [2] Case No. C16-1170-RSL.

COURT ORDERED RESPONSE BY COUNSEL FOR EVEREST        PAGE 1        **Bullivant|Houser|Bailey PC**
INDEMNITY INSURANCE COMPANY                                          1700 Seventh Avenue, Suite 1810,
NO.: 2:16-CV-664                                                     Seattle, Washington 98101
                                                                     Telephone:   (206) 292-8930

unintentional.  As counsel for Everest, we regret the mistake and apologize to the Court.

In the Minnesota Action, Daeil Ro argued that the court should: (1) dismiss the case for lack of personal jurisdiction, (2) dismiss or transfer the case as an exception to the first-filed doctrine, (3) dismiss or transfer the case for improper venue pursuant to 28 U.S.C. § 1391, or (4) transfer the case pursuant to 28 U.S.C. § 1404(a).  The Minnesota court declined to dismiss the action and instead transferred it to this District as an exception to the first-filed doctrine.  The Minnesota court alternatively concluded that transfer would be appropriate under 28 U.S.C. § 1406(a) because Minnesota was an improper venue under § 1391.  The court did not to reach the issue of whether transfer was appropriate under § 1404(a).

The transfer order and other pleadings from the Minnesota Action were transferred to this District and docketed.  After I reviewed the Minnesota court's transfer order, Ro moved to consolidate and merge his action with the transferred Minnesota Action.  Another law firm, which represented Everest in the Minnesota Action, assisted me and circulated a first draft of a brief that consented to consolidation and conditionally opposed Ro's motion to merge the two cases.

Everest's counsel in Minnesota had experience with other cases that involved the distinction between dismissal for lack of personal jurisdiction and transfer of an action.  Transferring a case—rather than dismissing it—can impact the appropriate choice-of-law analysis and, in focusing on this distinction, rather than any significance between the different grounds for transfer, the initial draft of the brief incorrectly stated that the Minnesota Action had been transferred under § 1404(a).  The Minnesota court, however, had not decided Ro's request for a § 1404(a) transfer and had instead transferred the case as an exception to the first-filed doctrine.  Alternatively, the court stated that it would have transferred the case under § 1406(a).  The initial draft of the brief focused on the distinction between the act of dismissal and transfer and, mistakenly, misstated the basis for the transfer.

At the time I reviewed the draft brief, I recalled that the Minnesota court had declined

COURT ORDERED RESPONSE BY COUNSEL FOR EVEREST
INDEMNITY INSURANCE COMPANY
NO.: 2:16-CV-664

PAGE 2

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:   (206) 292-8930

to dismiss the case and instead transferred it, but I did not recall that this was done for reasons other than the § 1404(a) transfer Ro sought.  Further, at that time, I was not aware that the distinction could affect the choice-of-law discussion we included in Everest's brief. Because I did not go back and reread the Minnesota court's transfer order, the opposition brief I filed for Everest inadvertently mischaracterized it.

Defense counsel take responsibility for the mistake in Everest's brief and note that this was counsel's mistake, not Everest's.  By submitting the brief, defense counsel did not intend to deceive the Court or misrepresent the Minnesota court's order.  I sincerely apologize to the Court for failing to confirm all of the assertions in Everest's brief before submitting it and assure the Court that a similar error will not occur in the future.

DATED:  September 16, 2016.

BULLIVANT HOUSER BAILEY PC

By  /s/ Daniel R. Bentson
    Daniel R. Bentson, WSBA #36825
    E-mail:   dan.bentson@bullivant.com

Attorneys for Defendants Everest Indemnity
Insurance Company

COURT ORDERED RESPONSE BY COUNSEL FOR EVEREST
INDEMNITY INSURANCE COMPANY
NO.: 2:16-CV-664

PAGE 3

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone:   (206) 292-8930

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, I electronically filled with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the person(s) listed below:

| | |
|---|---|
| Gregory L. Harper<br>Charles K. Davis<br>Thomas M. Williams<br>Harper Hayes PLLC<br>One Union Square<br>600 University Street, Suite 2420<br>Seattle, Washington 98101<br>Telephone: 206.340.8010<br>Email: greg@harperhayes.com<br>     cdavis@harperhayes.com<br>     twilliams@harperhayes.com<br><br>*Attorneys for Plaintiff* | |
| James T. Derrig<br>James T. Derrig Attorney at Law PLLC<br>14419 Greenwood Ave N., Ste. A-372<br>Seattle, WA  98133<br>Telephone: (206) 414-7228<br>Email: jim.derriglaw@me.com<br><br>*Attorneys for Everest Indemnity Insurance*<br>*Company* | Keith A. Dotseth<br>Shawn M. Raiter<br>Larson & King LLP<br>30 E Seventh St., Ste. 2800<br>Saint Paul, MN  55101<br>Telephone:  651-312-6500<br>Email:  kdotseth@larsonking.com<br>Email:  sraiter@larsonking.com<br><br>*Attorneys for Everest Indemnity Insurance*<br>*Company* |

_____
Genevieve Schmidt

4852-3430-8152.1

COURT ORDERED RESPONSE BY COUNSEL FOR EVEREST
INDEMNITY INSURANCE COMPANY
NO.: 2:16-CV-664

PAGE 4

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:   (206) 292-8930