THE HONORABLE ROBERT S. LASNIK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

| | |
|---|---|
| DAEIL RO,<br><br>           Plaintiff,<br><br>vs.<br><br>EVEREST INDEMNITY INSURANCE COMPANY, a foreign insurance company,<br><br>           Defendant. | No. 2:16-cv-00664 RSL<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>**NOTE ON MOTION CALENDAR:**<br>**DECEMBER 2, 2016** |

PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## I.    INTRODUCTION AND RELIEF REQUESTED

This is an insurance coverage and bad faith action.  Plaintiff Daeil Ro requests an order compelling Defendant Everest Indemnity Insurance Company to produce certain documents it withheld or redacted in discovery that directly pertain to Everest's coverage investigation. Everest improperly withheld these documents purportedly on the bases of attorney-client privilege, the work product doctrine, and relevancy.

These documents are relevant to the claims at issue in this action, are not subject to any valid privileges or protections, and may contain information central to the ultimate issues in dispute in this matter.

## FACTS

This action arises out of a lawsuit ("the Underlying Action") filed by Fumitaka Kawasaki against Ro and his father in King County Superior Court.  *See Dkt. 11*, ¶ 5; *Declaration of Charles K. Davis in Support of Plaintiff's Motion to Compel Discovery ("Davis Decl.,"), Ex. H*.  Ro served as Kawasaki's investment advisor.  *See Davis Decl., Ex. H*. Kawasaki alleged wrongdoing by Ro over the course of more than a decade, including breach of fiduciary duty and negligence.  *See Davis Decl., Ex. H*.  Ro tendered defense of the Underlying Action to Everest, who insured Ro under a "Securities Broker/Dealer and Registered Representative Professional Liability Insurance Policy," issued to Ro's then-employer, Ameriprise Financial Services, Inc.  *Dkt. 11*.  Everest—through its third-party administrator, Lancer Claims Services—refused to defend Ro or to provide any indemnity coverage for Kawasaki's claims. *Dkt. 11 at 2, 5*.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## A.   DISCOVERY DISPUTE

Ro served Interrogatories and Requests for Production to Everest on July 8, 2016. *Declaration of Charles K. Davis in Support of Plaintiff's Motion to Compel Discovery ("Davis Decl.,")*, ¶ 3.  Ro served Lancer with a subpoena on August 15, 2016.  *Davis Decl.*, ¶ 4.  Ro requested that both Lancer and Everest produce their complete "claims file" and "all manuals, books, pamphlets, memoranda, best practice manuals, guidelines" used "when receiving, investigating and/or adjusting claims."  *See Davis Decl., Exs. A, B*.  Ro also requested production of Everest's "underwriting materials."  *Davis Decl., Ex. A*.

On August 29, 2016, both Lancer and Everest provided written responses and objections to Ro's requests.  *Davis Decl.*, ¶ 5.  They also produced one set of documents purportedly responsive to Ro's requests to both entities.  *Davis Decl.*, ¶ 6.  Everest objected to the request for underwriting materials on the bases of attorney-client privilege or work product doctrine, confidential trade secret information, and relevancy.  *Davis Decl., Ex. A*.

The parties conferred by phone on September 7, 2016.  *Davis Decl.*, ¶ 8.  On September 22, 2016, Everest supplemented its production with what it deemed to be relevant portions of Lancer's claim-handling guidelines.  *Davis Decl.*, ¶ 9.  Everest maintained that it would not produce Everest's claim-handling materials, or underwriting materials.  *Davis Decl., Ex. D*.

After the Court entered the stipulated protective order, *Dkt. 40*, Everest produced additional documents, including a claim file.  *Davis Decl.*, ¶ 11.  According to Everest, "Lancer's claim file is Everest's claim file for this matter."  *Davis Decl., Ex. D* at 3.  Many of the entries are redacted, with Everest claiming they are protected by the attorney-client privilege and work product doctrine.  *Davis Decl., Ex. E*.  Everest also redacted purportedly

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

irrelevant reserve information. *Davis Decl., Ex. E.*

On November 8, 2016, Mr. Ro's counsel reached out to Everest's counsel to discuss production of a copy of the complete, unredacted claim file, claims-handling materials, and underwriting information. *Davis Decl., ¶ 11.* On November 9, the parties held a discovery conference to discuss Everest producing the requested materials. *Davis Decl., Ex. F.* Everest's Counsel responded on November 17 and did not agree to produce any additional materials, nor did it agree to produce a complete copy of its claim file. *Davis Decl., Ex. G.*

## II.   ISSUE

Where Ro alleges unreasonable conduct in the investigation and denial of his claim for insurance benefits, must Everest produce its complete and unredacted claim file, claims-handling materials, and underwriting information?

## III.   EVIDENCE RELIED UPON

This motion is based upon the pleadings and other papers previously filed in this lawsuit together with the Declaration of Charles K. Davis and exhibits thereto.

## IV.   ARGUMENT

### A.   EVEREST MUST PRODUCE ITS CLAIMS FILE

#### 1.   Everest Failed to Establish Attorney-Client Privilege

The party seeking to assert attorney-client privilege has the burden to show that it applies. Soter v. Cowles Pub. Co., 174 P.3d 60, 76 (Wash. 2007).[1] Rule 26 requires parties seeking to establish privilege to "describe the nature of the documents, communications or

---

[1] Attorney-client privilege is a substantive evidentiary privilege, and therefore governed by Washington law. *See* Fed. R. Ev. 501; RCW 5.60.060(2).

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 3

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  tangible things not produced or disclosed—and do so in a manner that, without revealing

2  information itself privileged or protected, will enable other parties to assess the claim."  Fed.

3  R. Civ. P. 26(b)(5)(A).  "A privilege log can be deemed insufficient for purposes of attorney-

4  client privilege if the description and comments do not provide enough to support the claim."

5  Bronsink v. Allied Prop. & Cas. Ins. Co., No. C09-00751-MJP, 2010 WL 597489, at *2 (W.D.

6  Wash. Feb. 16, 2010).

7       Everest's privilege log describes the redacted portions of the claim file as progress

8  notes of Todd Platt and Robert Steedman.  *Davis Decl., Ex. E.*  The log further states the

9  alleged reason for withholding information:  "Redaction; Work Product; Attorney Client

10  privileged notes describing communications to / from legal counsel."  *Davis Decl., Ex. E.*

11  Neither Mr. Platt nor Mr. Steedman are described as attorneys, and no legal counsel is

12  identified.  *Davis Decl., Ex. E.*  Because no legal counsel is identified in the log, it is

13  insufficient to allow Ro or the Court to "assess the validity of the claimed privilege."  *See*

14  Isilon Systems Inc. v. Twing City Fire Ins. Co., No. C10-1392MJP, 2012 WL 503852, at *1

15  (W.D. Wash. Feb. 15, 2012).

16       Moreover, even if the redacted entries describe communications to or from legal

17  counsel, not all attorney communications fall under the attorney-client privilege:  "The

18  attorney-client privilege protects only communications and advice between attorney and client

19  in the context of a professional relationship involving the attorney *as an attorney*, and not

20  documents prepared for some other purpose."  Lear v. IDS Prop. Cas. Ins. Co., No. C14-

21  1040RAJ, 2016 WL 3033499, at *1 (W.D. Wash. May 27, 2016).  Everest's privilege log says

22  only that the redacted claim file entries "describ[e] communications to / from legal counsel."

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 4

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

*Davis Decl., Ex. E.*  This is insufficient to establish that the communications involved legal advice and were not made for some other purpose.  *See* Bronsink, 2010 WL 597489, at *3 (plaintiffs fail to meet evidentiary burden with generic identifiers and lack of authors and recipients).  Nothing in the privilege log allows Ro or the Court to determine that the redacted claim file entries include legal advice.

## 2.    The Attorney-Client Privilege Doesn't Apply Here Anyway

Even if the redactions reflect legal advice from counsel, Everest cannot shield the information behind the attorney-client privilege.  When a policyholder asserts claims of bad faith, he should have access to the entire claim file:

> A first party bad faith claim arises from the fact that the insurer has a quasi-fiduciary duty to act in good faith toward its insured.  The insured needs access to the insurer's file maintained for the insured in order to discover facts to support a claim of bad faith.  Implicit in an insurance company's handing of claim is litigation or the threat of litigation that involves the advice of counsel.  To permit a blanket privilege in insurance bad faith claims because of the participation of lawyers hired or employed by insurers would unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices.

Cedell v. Farmers Insurance Company of Washington, 295 P.3d 239, 244-45 (Wash. 2013) (citations omitted).  Cedell creates a presumption that "the attorney-client privilege does not apply as between an insured and her insurer in the claims adjusting process."  Meier v. Travelers Home & Marine Ins. Co., No. C15-0022RSL, 2016 WL 4447050, at *1 (W.D. Wash. Aug. 24, 2016).  The insurer may rebut that presumption by showing the attorney was not acting as a claims investigator, but giving legal advice.  Cedell, 295 P.3d at 246.

Even where the insurer rebuts the presumption, the policyholder may pierce the privilege by showing a foundation in fact for allegations of bad faith.  Meier, 2016 WL 4447050, at *1.  A colorable showing that the insurer attempted in bad faith to defeat a

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 5

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    meritorious claim for coverage results in waiver of the privilege.  Meier, 2016 WL 4447050,

2    at *1.  Although Cedell addressed a bad faith claim under a first-party property insurance

3    policy, its attorney-client privilege analysis applies equally to liability policies:

> Carolina Casualty attempts to distinguish *Cedell* because it arose in the context
> of a bad faith claim from a first-party insured.  The distinction is not persuasive.
> The *Cedell* court grounded its ruling in the quasi-fiduciary duty of an insurer to
> its insured, along with the public policy interest in regulating the business of
> insurance.  The latter consideration is just as important in a third-party claim.
> As to the former, the "duty of good faith is applicable to both first-party and
> third-party coverage."

Carolina Cas. Ins. Co. v. Omeros Corp., No. C12-287RAJ, 2013 WL 1561963, at *3 (W.D.

Wash. Apr. 12, 2013) (citations omitted).

        Ro alleges bad faith, so there is a presumption of ***no*** attorney-client privilege.  But

even if Everest can rebut that presumption, Ro has shown that "a reasonable person would

have a reasonable belief that an act of bad faith has occurred," *see* Cedell, 295 P.3d at 247,

which requires that "the entire claim file must be produced."  *See* Meier, 2016 WL 4447050,

at *1.  This applies to "all documents contained in an insured's claim file – even those that the

insurer could show had nothing to do with adjusting the claim but rather reflected counsel's

advice as to the insurer's coverage obligations or defense strategy." Meier, 2016 WL 4447050,

at *2.  If Everest didn't want Ro to acquire the supposedly attorney-client protected

information it redacted, it shouldn't have put it in the claim file. *See* Meier, 2016 WL 4447050,

at *2 n.4 ("The Cedell court advised insurers to set up and maintain separate files for

adjustment and non-adjustment activities in order to avoid the wholesale waiver of the

privilege that occurred here.").

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 6

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

Here, the evidence supports Ro's reasonable belief that Everest unreasonably denied a defense, and therefore engaged in bad faith.  Among other things, Everest failed to read the Kawasaki complaint liberally and in favor of coverage as required under Washington law.  *See* Atl. Mut. Ins. Co. v. Roffe, Inc., 872 P.2d 536, 538 (Wash. Ct. App. 1994) ("The complaint should be liberally construed, and if it is subject to an interpretation creating a duty to defend, the insurer must comply with that duty.").  For example, Everest ignored allegations of wrongful conduct occurring as recently as 2013, denying a defense under a "retroactive date" endorsement.  *Dkt. 11* at 14-23; *Davis Decl., Ex. H*.  Additionally, Everest denied a defense under a "selling away" endorsement despite allegations of wrongdoing in addition to "selling away." *Dkt. 11* at 14-23; *Davis Decl., Ex. H*.

Everest therefore cannot withhold any of its claim file based on the attorney-client privilege.  Alternatively, Ro requests that the Court conduct an *in camera* review of the redacted material in the claim file as contemplated by Cedell.  *See* Cedell, 295 P.3d at 247 ("[U]pon a showing that a reasonable person would have a reasonable belief that an act of bad faith has occurred, the trial court will perform an in camera review of the claimed privileged materials").

### 3.   **Work Product Does Not Apply**

The work product doctrine is a product of the Federal Rules, which provide that documents and other tangible items prepared in anticipation of litigation or trial are generally undiscoverable, unless the requesting party has a "substantial need," and is unable to procure the information by other means without "undue hardship." Fed. R. Civ. P. 26(b)(3).  However, if the "material was prepared 'in the ordinary course of business,' or 'would have been created

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 7

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1   in essentially similar form irrespective of the litigation,' then it is not afforded protection under

2   Rule 26(b)(3)."  *See* <u>Safeco Ins. Co. of Am. v. M.E.S. Inc.</u>, 289 F.R.D. 41, 46 (2011).

3          Here, Everest's claims file is not afforded protection under the work product doctrine,

4   since the claims file is part of the ordinary course of business in the investigation and

5   evaluation of a claim for coverage under the policy.  *See* WAC 284-30-340 ("The insurer's

6   claim files are subject to examination by the commissioner or by duly appointed designees.

7   The files must contain all notes and work papers pertaining to the claim in enough detail that

8   pertinent events and dates of the events can be reconstructed").  As with the attorney-client

9   privilege, Everest's bare label of "notes describing communications to / from legal counsel"

10  is insufficient to show that the documents were created in anticipation of litigation.  *Davis*

11  *Decl., Ex. E*; *see also* <u>Meier</u>, 2016 WL 4447050, at *3 ("[T]he log is insufficient to show that

12  the work product doctrine applies to any of the documents for which it has been claimed. . . .

13  The vague reference to counsel does not imbue the note with any special litigation purpose.").

14         Moreover, when "mental impressions are *at issue* in a case and the need for the material

15  is compelling," the work product doctrine will not protect opinion work product.  <u>Holmgren</u>

16  <u>v. State Farm Mut. Auto. Ins. Co.</u>, 976 F.2d 573, 577 (9th Cir. 1992).  Here, the mental

17  processes, investigation, and evaluation of the claim is what is at issue in a bad faith claim.

18  *See* <u>Meier</u>, 2016 WL 4447050, at *3 ("[P]laintiff has a substantial need to review the document

19  in order to prepare her bad faith case."); *see also* <u>Lynch v. Safeco Ins. Co. of Am.</u>, No. C13-

20  654-BAT, 2014 WL 12042523, at *4 (W.D. Wash. Mar. 7, 2014) ("[I]n this Court's analysis,

21  in a first party bad faith cause of action against an insurer, steps taken pursuant to *Cedell* likely

22  displace or subsume the substantial need test.").

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 8

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

**B.    CLAIMS-HANDLING MATERIALS ARE RELEVANT TO THE ULTIMATE ISSUE IN DISPUTE**

### 1.    <u>Everest Should Produce its Claims-Handling Materials</u>

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Claims manuals and procedures are relevant when a party in an action claims that an insurer acted in bad faith. <u>Safeco</u>, 289 F.R.D. 41, 50 (2011).  Because the failure by an insurer to adequately conduct an investigation before the denial of an insurance claim can be bad faith, the process that the insurer uses to assess, investigate, evaluate, or report a claim leads both to making "fact[s] more or less probable," and "is of consequence in determining the action."  <u>Industrial Indem. Co. of the Northwest, Inc. v. Kallevig</u>, 792 P.2d 520, 526 (Wash. 1990) ("[A]n insurer must make a good faith investigation of the facts before denying coverage and may not deny coverage based on a supposed defense which a reasonable investigation would have proved to be without merit."); Fed. R. Evid. 401. Here, Ro alleges Everest acted in bad faith, making the claims-handling material relevant.

The burden to show that documents are irrelevant is on the party withholding them. <u>Safeco</u>, 289 F.R.D. at 51.    Here, Everest argues that its own claim-handling guidelines are irrelevant because there is no written agreement between Everest and Lancer, and therefore there was no requirement for Lancer to follow Everest's claims-handling guidelines. *Davis Decl., Ex. D*.

An insurer's duty of good faith and fair dealing is non-delegable. 3-23 NEW APPLEMAN ON INSURANCE LAW LIBRARY EDITION § 23.02[5][d], at 23-68 (2014) ("An insurer's duty of good faith and fair dealing is nondelegable.  Even if it entrusts claim handling to an

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 9

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    independent adjusting firm, the insurer is still responsible if the claim is mishandled in a way

2    that breaches that duty."). Thus, whether Lancer's actions fell below Everest's claim-handling

3    standards is relevant even if Everest did not require Lancer to follow them. Put another way,

4    evidence that Lancer's conduct failed to comply with Everest's standards is evidence that

5    Everest breached its non-delegable duty of good faith and fair dealing.

6                    **2.    Lancer's Claim-Handling Materials are Relevant**

7            Ro requested claims-handling materials from Lancer, who, after initially refusing to

8    produce any, eventually produced what it unilaterally deemed to be the "relevant" ones. *Davis*

9    *Decl., Ex. D* at 2. Lancer refused to produce any additional materials. *Davis Decl., Ex. F.* In

10   a bad faith insurance case, however, "materials and manuals on . . . claim handling in general

11   are relevant." Bagley v. Travelers Home and Marine Ins. Co., No. C16-0976 JCC, 2016 WL

12   4494463, at *5 (W.D. Wash. Aug. 25, 2016). In Bagley, the insurer, like Lancer here, chose

13   to produce only the training materials and claim manuals it deemed relevant to the claim:

14   "Defendant argues that because Plaintiffs' policy is for homeowner's insurance, materials and

15   manuals on property insurance in general are unlikely to lead to admissible evidence." Bagley,

16   2016 WL 4494463, at *5. The court disagreed, and ordered the insurer to produce all requested

17   training materials and claim manuals because they "may well shed light on how Defendant

18   instructs its adjustors to investigate, evaluate, and process a claim like Plaintiffs'." Bagley,

19   2016 WL 4494463, at *5. Here, likewise, Lancer's withheld portions of the claims-handling

20   guidelines are also relevant even if not specific to Ro's insurance program because they may

21   shed light on Lancer's evaluation process of claims as a whole.

22

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 10

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1    Moreover, Lancer's unilateral pronouncement of what it deems relevant, and

2    producing only those documents, is improper:

3        This type of answer hides the ball. It leaves the plaintiff wondering what
         documents are being produced and what documents are being withheld.
4        Furthermore, it permits the defendant to be the sole arbiter of that decision.
         Such an objection is really no objection at all as it does not address why
5        potentially responsive documents are being withheld. The defendant, having no
         incentive to err on the side of disclosure, has arrogated to itself the authority to
6        decide the question of relevance which is unquestionably the decision of the
         judge.
7
     Atheridge v. Aetna Cas. and Sur. Co., 184 F.R.D. 181, 190 (D.D.C. 1998).
8
     **C.      UNDERWRITING AND RESERVES INFORMATION IS RELEVANT**
9
10       Everest refused to produce its underwriting materials on relevance grounds, stating that

11   based on the claims being asserted, the underwriting material, including reserves, would not

12   aid in interpreting the policy and is therefore irrelevant.  *Davis Decl., Ex. D*.  But in bad faith

13   insurance cases, underwriting files are relevant:

14       Defendant asserts that . . . information contained in the underwriting file is not
         relevant to Plaintiff's claims for denial of coverage and bad faith. The Court
15       disagrees.  Not only is information in the underwriting file relevant to Plaintiff's
         claims for denial of coverage but it is also discoverable because it appears
16       reasonable that the information contained in the file may lead to the discovery
         of other admissible evidence.
17
     Bayley Const. v. Wausau Bus. Ins. Co., No. C12-1176 RSM, 2012 WL 6553790, at *2 (W.D.
18
     Wash. Dec. 14, 2012); *see also*, Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 703 (S.D.
19
     Fla. 2007) ("[U]nderwriting files are discoverable in bad faith claims, but in breach of contract
20
     claims, only discoverable when the contract terms are ambiguous.").   Moreover, underwriting
21
     files are relevant to determining the risks the insurer expected to cover in the policy, "how it
22
     interpreted the various policy terms, and whether the terms of the policy are ambiguous in the
23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 11

Case No. 2:16-cv-00664 RSL

**HARPER | HAYES PLLC**
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1  first instance." <u>Silgan Containers v. Nat'l Union Fire Ins.</u>, No. C 09-05971 RS LB, 2011 WL

2  1058861, at *1 (N.D. Cal. Mar. 23, 2011).

3     Finally, Everest claims that the reserve information was redacted from its claim file

4  because it is "confidential and irrelevant." *Davis Decl., Ex. E.*  This Court has held that

5  reserves are relevant in insurance bad faith claims.  <u>Isilon Systems, Inc. v. Twin City Fire Ins.</u>

6  <u>Co.</u>, C10-1392MJP, 2012 WL 503852 at *2 (W.D. Wash. Feb. 15, 2012); <u>Lexington Ins. Co.</u>

7  <u>v. Swanson</u>, 240 F.R.D. 662, 668 (W.D. Wash. 2007) ("Indeed, one treatise has observed that

8  '[t]o this writer's knowledge, no case has held that reserves evidence is irrelevant in a bad faith

9  case.'").  The claims adjusters setting the reserves were directly involved in the investigation

10  and evaluation of the claim, indicating that the reserve amount set by Everest may reflect what

11  was ascertained during the investigation and evaluation of the claim.  Because Ro here is

12  alleging Everest acted in bad faith in denying coverage in the Underlying Action, the reserve

13  information is relevant and Everest should produce it.

14                           **VI.   <u>CONCLUSION</u>**

15     For the above-stated reasons, the Court should order Everest to produce the unredacted

16  claims file, the claims manual, and underwriting information.  Alternatively, the Court should

17  conduct an *in camera* review of these documents to determine whether the attorney-client

18  privilege or work product doctrine apply to them.

19       ///     ///     ///

20       ///     ///     ///

21       ///     ///     ///

22

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 12

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1       DATED this 17th day of November 2016.

2                                    HARPER | HAYES PLLC

3
                             By: s/ Charles K. Davis
4                                  Gregory L. Harper, WSBA No. 27311
                                   Charles K. Davis, WSBA No. 38231
5                                  Thomas M. Williams, WSBA No. 47654
                                   600 University Street, Suite 2420
6                                  Seattle, WA 98101
                                   **Tel**.    206.340.8010
7                                  **Fax**.    206.260.2852
                                   **Email**: greg@harperhayes.com
8                                          cdavis@harperhayes.com
                                           twilliams@harperhayes.com
9                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 13

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1

## CERTIFICATE OF SERVICE

2

Pursuant to United States District Court Western District of Washington CR 5(f), the
undersigned certifies that on *Thursday, November 17, 2016*, I electronically filed this
document with the Clerk of the Court using the CM/ECF system, which will send notification
of such filing to the counsel of record for Defendant Everest Indemnity Insurance Company:

3

4

5

| **NAME:** | Daniel R. Bentson |
| **EMAIL ADDRESS:** | dan.bentson@bullivant.com |

6

| **NAME:** | Owen Mooney |
| **EMAIL ADDRESS:** | owen.mooney@bullivant.com |

7

| **NAME:** | James T. Derrig |
| **EMAIL ADDRESS:** | Eservice.derriglaw@me.com |

8

| **NAME:** | Keith A. Dotseth |
| **EMAIL ADDRESS:** | Kdotseth@larsonking.com |

9

| **NAME:** | Shawn M. Raiter |
| **EMAIL ADDRESS:** | sraiter@larsonking.com |

10

11

I certify under penalty of perjury under the laws of the United States that the foregoing
is true and correct.

12

13

DATED *November 17, 2016* in Seattle, Washington.

14



15

Nicole Plouf

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 14

Case No. 2:16-cv-00664 RSL

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852