UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
DAEIL RO,                          )
                                   )   Civil Case No. C16-0664RSL
            Plaintiff,             )
      v.                           )
                                   )   ORDER GRANTING IN PART
EVEREST INDEMNITY INSURANCE        )   PLAINTIFF'S MOTION TO COMPEL
COMPANY, *et al*,                  )
                                   )
            Defendants.            )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery." Dkt. # 41. Plaintiff alleges that Everest Indemnity Insurance Company, the insurer on a professional liability policy purchased by plaintiff's employer, acted in bad faith when it denied his claim for coverage against third-party claims. Plaintiff seeks production of Everest's unredacted claim file, all claims-handling manuals and guidelines, underwriting materials for the policy at issue, and reserve information. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Privilege Claims**

Everest has clearly and plainly stated that the seven progress notes that were redacted from the claim file reflect communications with counsel after the insurer was on notice that plaintiff intended to file an Insurance Fair Conduct Act ("IFCA") claim. Plaintiff takes issue

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 1

with the fact that the insurer has not disclosed the names of the attorneys involved in these communications or proven that the communications involved legal advice or were in anticipation of litigation. While the surrounding circumstances do not justify plaintiff's unwillingness to credit Everest's statements, the redactions are very limited and this issue can be resolved through an in camera review.[1]

**(2) Claims-Handling Manuals**

Request for Production No. 5 requests "all manuals, books, pamphlets, memoranda, best practice manuals, guidelines, and any and all other documents[] you use or rely upon and that in any way describe, detail, explain or address the manner or procedures that your agents or employees are to follow when receiving, investigating and/or adjusting claims for insurance benefits under any insurance policy you issued." Dkt. # 42 at 13. See also Dkt. # 42 at 20. Lancer Claims Services, the agent that handled plaintiff's claim on Everest's behalf, has produced its claim-handling guidelines related to the type of insurance policy and claim at issue in this case. Everest has refused to produce its own manuals and guidelines regarding the handling of professional liability claims, however. Regardless of whether Lancer reviewed or was required to comply with Everest's guidelines, Everest's advice regarding how these claims should be handled is relevant to a determination of whether Everest and its agent behaved reasonably and/or in bad faith. While an insurer's internal guidelines do not set the standard of reasonable care, they may inform the analysis (a) by showing an industry participant's custom or practice and/or (b) by providing a benchmark by which to compare Lancer's conduct and policies. Everest shall therefore provide any manuals or guidelines that apply generally to claims handling activities and any such documents regarding the handling of the type of professional

---

[1] Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686 (2013), is inapplicable. The Cedell presumption that the attorney-client privilege does not apply as between an insurer and its insured reflects the quasi-fiduciary duties owed in the first-party insurance context. No quasi-fiduciary duty arises in the third-party context presented here, and the presumption that does not apply.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 2

liability claims at issue here.

Plaintiff has made no attempt to explain how documents related to other types of policies or claims are relevant to the issues in this case. Instructions to claims managers on how to investigate and adjust workers compensation, uninsured motorist, or first-person property claims have little, if any, relevance to the evaluation of plaintiff's claim. Discovery of every document that addresses the manner in which Everest's employees handle claims under every type of insurance it offers is neither relevant nor proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

**(3) Underwriting Materials**

Plaintiff seeks production of all documents that "refer or relate in any way to the underwriting, application for, or issuance of, the Policy" purchased by his employer. Dkt. # 42 at 12. Everest objects on relevance grounds, but evidence regarding the insured's request for coverage and the negotiations that led to the selection of the form policy and endorsements may reflect the risks Everest expected to cover and/or the scope of coverage provided to employees like plaintiff. Silgan Containers v. Nat'l Union Fire Ins., 2011 WL 1058861, at *1 (N.D. Cal. Mar. 23, 2011); Bayley Const. v. Wausau Bus. Ins. Co., 2012 WL 6553790, at *2 (W.D. Wash. Dec. 14, 2012).

**(4) Reserve Information**

Everest redacted eleven entries in the claim file because they reflect "[c]onfidential and irrelevant reserve information." Dkt. # 42 at 35-36. The establishment of a reserve amount is required by Washington law and is not, therefore, an admission of coverage or liability under the policy. Although it may provide insight into the way the claims adjusters who investigated and evaluated plaintiff's claim valued the claim, the issue in this case is whether or not coverage exists, not whether the insurer low-balled a settlement offer or undervalued the claim. Plaintiff has not shown that the reserve information is relevant in this case.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 3

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part. Within fourteen days of this Order, Everest shall deliver to chambers unredacted copies of Dkt. # 42-1 at 2-3 for in camera review and shall produce to plaintiff (1) all manuals and guidelines of general applicability regarding claims handling procedures, (2) all manuals and guidelines regarding the handling of the type of professional liability claims at issue here, and (3) the underwriting materials related to this policy.

Dated this 25th day of January, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 4